MRS. JOSIAH L. WARNER, Respondent, *v.* JAMES M. VEITCH, Appellant.

### June 19, 1876.

1. Where one having a judgment which is a lien on real estate suffers the property to be sold under a deed of trust which was a prior lien, without

getting out execution on his judgment, and the trustee under the deed of trust pays the surplus in his hands, after satisfying the notes, to the grantor in the deed of trust, the judgment creditor cannot recover in an action against the trustee, though he had notice of the judgment.

2. Where the land is sold under a prior incumbrance, the lien is gone.

Appeal from St. Louis Circuit Court.

*Reversed, and final judgment.*

*Dryden & Dryden,* for appellant cited: Pahlman *v.* Shumway, 24 Ill. 127 ; Purple Ill. Stat. part 1, p. 642, sec. 1 ; Wag. Stat. 790, secs. 1, 2, 3 ; Douglass *v.* Houston, 6 Ohio, 162 ; Miami Bank *v.* Turpin, 3 Ohio, 517 ; Conrad *v.* Atlantic Ins. Co., 1 Pet. 443 ; Massingill *v.* Downs, 7 How. 767 ; McMahon *v.* Allen, 34 Barb. 56 ; Morrison *v.* Deaderich, 10 Humph. 342 ; Dunberry *v.* Talmage, 32 N. Y. 459–461 ; Story's Eq. Jur., sec. 1, p. 266 ; Brangling *v.* Barington, 6 B. & C. 475.

*Chandler, Young & Burnett,* for respondent, cited : Grant *v.* Whitewell, 9 Iowa, 157 ; 3 Bouv. Inst. 61, 66 ; Succession of Walsh, 9 La. An. 543 ; Anderson *v.* The State, 23 Miss. 475 ; Rankin *v.* Scott, 12 Wheat. 179.

Bakewell, J., delivered the opinion of the court.

This is a proceeding in equity to recover from defendant certain moneys, surplus remaining in his hands after foreclosure of a deed of trust of which he was trustee.

It appears from the pleadings and evidence that, on January 23, 1871, one Everett conveyed to Veitch a certain lot in St. Joseph, Missouri, on which Everett was then residing with his family. This conveyance was in trust to secure to the Covenant Life Insurance Company the payment of a note of $3,000 therein described, and contained the usual provisions for sale on default of payment. The deed contains the customary clause that the surplus, in case of sale, should be paid to the grantor, or his legal representatives. On May 31, 1871, Philemon Bliss recovered judgment in the Circuit Court of Buchanan county, against Everett, for $899 and costs. This judgment was a lien upon the real estate mentioned in the deed of trust, and next in priority.

This judgment was duly assigned to plaintiff. On June 1, 1872, Everett executed to one Saxton a mortgage upon the same lot of ground, to secure to him an indebtedness of $1,711. Both of these instruments were duly recorded as soon as delivered. On September 10, 1873, whilst the judgment and mortgage were unpaid, default having been made in the payment of the note secured by deed of trust, the same was foreclosed according to its terms, and, after paying the debt described in the deed, there remained in the hands of the trustee $1,710.52. At the time of the sale the defendant, the trustee, had notice of the judgment owned by Mrs. Warner, and after the sale, and whilst the surplus was still in defendant's hands, the owner of the judgment demanded of defendant to apply so much of said surplus as was necessary to the payment of her judgment. This, defendant refused to do, and, upon the order in writing of Everett, the grantor, paid said surplus to Saxton, on account of his mortgage. An execution was issued on the judgment just prior to the trust sale, and was, at the date of the sale, in the hands of the sheriff of Buchanan county. Soon after the sale, Everett surrendered possession to the purchaser. Everett was then, and is now, insolvent. Defendant avers that Everett had a valid homestead in the property conveyed by deed of trust, subject to the lien of that deed, at the time of the sale. This is denied by plaintiff.

Plaintiff prays for a decree that defendant pay her, out of the said proceeds of sale and surplus, the amount of her judgment and interest.

The court, at the conclusion of plaintiff's case, refused an instruction that she was not entitled to recover, made a special finding of facts, and gave judgment for plaintiff.

Motions for a rehearing and a new trial, filed by defendant, having been overruled, the cause is brought here by appeal.

Judgments in this State are made by statute liens upon

the real estate of the defendant. The lien of the judgment does not extend to personalty. A person to whom land has been conveyed subject to a deed of trust, or the *cestui que trust* where the conveyance is a second deed of trust, becomes thereby the legal representative of the grantor, and, as such, is entitled to receive the surplus funds remaining after the foreclosure. *Reid* v. *Mullins*, 43 Mo. 306. We are, therefore, of opinion that the money in this case was rightly paid to Saxton, and the plaintiff is not entitled to recover.

We are told by counsel for plaintiff that, where there are several liens upon a tract of land and it is sold under one of them, the property, after paying the lien under which it was sold, belongs in equity to the next subsequent liens, in the order of their priority. *Strawbridge* v. *Clark*, 52 Mo. 21. And we are referred to Missouri cases in support of this view; but an examination of these cases does not establish this doctrine. The lien to which this rule is applied will be found, on examination, to be a lien created by deed giving an interest in the land. Neither in law nor equity does the statutory lien of a judgment follow the surplus produced by a sale of land under a preëxisting deed of trust.

"A general lien by judgment on land," says Judge Story, in *Conrad* v. *Atlantic Insurance Company*, 1 Pet. 443, " does not constitute *per se* a property or right in the land itself. It only confers a right to levy on the same to the exclusion of other adverse interests subsequent to the judgment; and, when the levy is actually made on the same, the title of the creditor, for this purpose, relates back to the time of his judgment, so as to cut out intermediate incumbrances. But, subject to this, the debtor has full power to sell or otherwise dispose of the land. His title to it is not divested or transferred by the judgment to the judgment creditor. It may be levied upon by any other creditor, who is entitled to hold it against every other person except such judgment creditor, and even against him unless he consummate his title by a levy on the land under his judg-

ment. In that event the prior levy is, as to him, void, and the creditor loses all right under it. The case stands, in this respect, precisely on the same ground as any other defective levy or sale. The title to the land does not pass under it. In short, a judgment creditor has no *jus in re*, but a mere power to make his lien effectual by following up the steps of the law and consummating his judgment by an execution and levy on the land. If the debtor should sell the estate, he has no right to follow the proceeds of the sale into the hands of the vendor or vendee, or to claim the purchase money in the hands of the latter. It is not like the case where the goods of a person have been tortiously taken and sold, and he can take the proceeds, and, waiving the tort, chooses to claim the latter. The only remedy of the judgment creditor is against the thing itself, by making that a specific title which was before a general lien. He can only claim the proceeds at the sale of the land, when it has been sold on his own execution, and ought to be applied to its satisfaction." Or, we may add, if sold under another execution, follow the proceeds by the process of garnishment.

The same rule is laid down in well-considered cases in Ohio, Illinois, and other States. Equity will not aid the lien where it fails at law. The existence of the lien, and the method of enforcing it, are matters purely legal.

To make her lien available, Mrs. Warner should have enforced it by a levy and sale of the equity of redemption. But she suffered it to be sold to satisfy a prior incumbrance. The sale converted the land into money. Had she summoned the trustee as garnishee, she might have had the benefit of her lien and have held the fund, but, not having done so, he acted in accordance with law in obeying the written instructions of Everett, and paying over the money to the holder of the second mortgage.

The judgment of the Circuit Court is reversed, with the

concurrence of all the judges ; and, as all the facts are before
us, it is our duty to give final judgment here for the defend-
ant, which is accordingly done.