HARRISON V. THE MISSOURI PACIFIC RAILWAY COM-
PANY, *Appellant.*

1. **Measure of Damages.** The measure of damages in ordinary cases where property is not entirely lost or destroyed, or practically so, but is only impaired in value or partially destroyed, by the wrongful act of another, is the difference between the value before the injury and immediately thereafter, and reasonable expenses incurred or value of time spent in reasonable endeavors to preserve or restore the property injured.

2. **Railroad : KILLING STOCK : MEASURE OF DAMAGES.** The owner of cattle negligently killed by a railroad train can only recover the difference between their value before the injury and immediately thereafter, and it is his duty to use reasonable effort to prevent loss after the injury and reduce. as much as possible, the damage ; and where such cattle are available after the injury, he cannot abandon them and then claim their full value.

*Appeal from Lafayette Circuit Court.*—HON. JOHN P. STROTHER, Judge.

REVERSED.

*Smith & Krauthoff* with *T. J. Portis* for appellant.

The ruling of the court below, that the plaintiff was entitled to recover the full value of the injured animal, when she made no effort to save it, although she might have done so, or at least utilized it for food and realized from its hide and tallow, was erroneous. Where cattle are not killed by a train on a railroad, it is the duty of the owner to dispose of them to the best advantage. *Railroad v. Finnigan,* 21 Ill. 646. .

*Graves & Aull* for respondent.

Plaintiff notified defendant that she abandoned the maimed and lacerated carcass to them and she did so abandon same and was entitled to recover the entire value of her cow. *Jackson v. Railroad*, 74 Mo. 526; *Case v. Railroad*, 75 Mo. 668; *Railroad v. Mustard*, 34 Ind. 50; *Railroad v. Hays*, 35 Ind. 173. It was defendant's duty to care for same. *Finch v. Railroad*, 42 Ia. 304. The case cited by defendant is wholly irrelevant to the present case and is for negligence of servants. Defendant mangled and bruised plaintiff's milk cow, and if she had been required to dispose of the carcass for beef, there is no evidence that she was fit for beef. *Railroad v. Ireland*, 19 Kan. 405; *Railroad v. Lynch*, 67 Ill. 149.

RAY, J.—A milk cow, the property of plaintiff, was struck and injured by the engine and cars of defendant and several days thereafter died of the injuries thus received. The railroad was not fenced as required by law where the cow entered upon the track and was struck and injured, and the action is brought under the statute to recover double the damages. The liability of defendant is conceded, and the only question before us is as to the measure of damages. So far as pertinent and material the testimony is substantially to this effect:

The witnesses for plaintiff testify that the cow was of value for milk and butter and for breeding purposes, and their estimates range from sixty-five dollars to one hundred dollars. As to the injuries they say one hind leg was broken between the foot and knee, and that she was also injured in the side. The plaintiff discovered the cow immediately after the injury, and her brother testified that acting for plaintiff he at once notified the

railroad that the cow was their property and that they would have nothing more to do with her. The witnesses for defendant put the value at forty dollars, and one or two of them put the damages at twenty dollars, estimating the cow to be only one-half as valuable after as before the injury. The evidence in its behalf tended further to show that the injuries were not of a character to cause the death of the cow, that one hind leg was broken but that there were no other injuries, that she survived for a period of ten days, but being without food or water starved to death. And it further tended to show that the cow was in good condition when injured and that if she had been dispatched promptly after the injury she would have been of value as beef. The jury found for the value of the animal, which they assessed at seventy-five dollars, and plaintiff had judgment in double the amount, from which defendant has appealed. The point made here is that the defendant is not responsible under the evidence for the full value.

If the evidence offered by defendant was true, and of this the jury were the judges, was the plaintiff under the state of facts thus shown authorized to abandon the cow even with notice to the defendant of her intention in this behalf? If not what course should she have pursued? It is the duty of a party to protect himself from the injurious consequences of the wrongful act of another, if he can do so by ordinary effort and care and at moderate and reasonable expense, and for such reasonable exertion and expense in that behalf he may charge the wrong-doer, and where by the use of such means he may limit and prevent further loss he can only recover such loss as could thus be prevented. If a person chooses to make his loss greater than it need have reasonably been, he cannot thereby make his claim on the wrong-doer any greater. 3 Parsons, 178; Field on Damages, 19. The measure of damages

in ordinary cases where such property is not entirely lost or destroyed or practically and substantially so, but is only impaired in value or partially destroyed, is the difference between the value before the injury, and immediately thereafter, and reasonable expense incurred or value of time spent in reasonable endeavors to preserve or restore the property injured. Field on Damages, 621 ; 3 Allen, 594.

In the case just cited where A's horse was injured through the negligence of defendant's servants, the damages allowable were held to be the reasonable expense of the treatment of the injured horse by the veterinary surgeon, the value of the horse's services during disability, and the difference in his value before and immediately after the injury. Unless the injuries were of a character to make it probable that all reasonable efforts and moderate expense to cure or restore the animal would be useless, he could incur such moderate and reasonable expense and give such reasonable attention to her for that purpose, for which he could have charged the defendant, whatever the result might have been, and recovered therefor as part of his damages the sums thus reasonably expended and the value of his labor.

If the average farmer and owner throughout the country is not able, at moderate expense or reasonable trouble, to procure the means and treatment likely to be beneficial to such ordinary animals when thus injured, and cannot reasonably bestow the time and attention which would be thus required, may not still another course be open to him under such circumstances ?

If the animal is in condition, fit and suitable for beef after the injury, may he not with due circumspection dispose of her as such to the best advantage and recover the value less the sum thus realized ? In such case, the party must act with a due regard to the public health and when sure that the animal is free from fever or dis-

Harrison v. Missouri Pacific Railway Company.

ease and sound and healthy, but under these restrictions he may, we think, lawfully thus dispose of the animal thus injured. Neither of these courses was pursued by the plaintiff in the case before us. She discovered the animal immediately upon the happening of the injury, and upon the evidence in her own behalf she abandoned it altogether, although she did so with notice of her intention to the defendant. And where the injury inflicted is necessarily fatal and destructive of the value, the owner may treat her as dead, in the absence, at least, of evidence tending to show a value in its injured condition, and the conduct of the owner where he has killed the animal himself with a humane motive to put it out of misery has been approved in many cases. But he cannot wantonly abandon his property when only partially destroyed and, without reasonable efforts to prevent further loss enhance the damages at the expense even of the wrong-doer. The property does not cease to be the owner's or become the wrong-doer's by the act of injury. It is still his with regard to which a duty of this sort may exist.

Plaintiff's evidence did not show that the animal, when plaintiff discovered her immediately after the injury was in a feyered condition in consequence of her wounds, or was diseased in any way, or unfit for beef, or that it was under the circumstances impracticable to make any disposition of the animal. The extent and character of the injuries in this case, the condition of the cow, and her value before and immediately after the injury were questions properly before the jury, and the evidence was conflicting, and upon their determination of these questions, under proper instructions, depended, we think, the right of the plaintiff on the one hand to abandon the property, or his duty to take it in charge and to endeavor to limit and prevent a part of the loss.

In this state of the case there being evidence on

which to base it, the defendant was, we think, entitled to the following instruction, which was refused:

"4. The jury are instructed that it was the plaintiff's duty to take charge of the animal after it was injured, if by any reasonable efforts on her part any part of her loss could be prevented, and if the evidence shows that by such reasonable efforts she could have prevented a portion of her loss, and she failed to do so, then the jury should deduct from the value of the said animal such amount as the evidence shows the plaintiff could by reasonable efforts have saved from loss."

In the case of *Railroad v. Finnigan*, 21 Ill. 649, Judge Breese, speaking for the court in a case quite similar to this, says: "The proof shows that the cow and steer were both fat, worth, one, ten dollars, and the other twenty dollars, for beef, and were good for beef, they having only been injured in the legs. We hold, under such facts, that it was the duty of the owner to have disposed of them to the best advantage, if practicable. He should have made some effort to make them available, and had no right to abandon them wantonly, and then claim the full value. The company had a just claim on the owner to do so, and thus reduce as much as possible the damage and injury. The criterion of damages in this case is, the value of the cattle as injured and their value before the injury." See also *Jackson v. Railroad*, 74 Mo. 526.

We are of opinion, therefore, that in this case the trial court erred in refusing the above instruction asked by the defendant, and upon that ground we reverse the judgment and remand the cause. All concur.