B. B. SHAW, Respondent, v. MISSOURI &. KANSAS DAIRY COMPANY, Appellant.

Kansas City Court of Appeals, February 19, 1894.

1. **Measure of Damages:** INSTRUCTIONS: PERMANENT INJURY TO HORSE. In an action for a permanent injury negligently done to a horse, the measure of damages is the difference between the value of the horse at the time of the injury and after the cure; and the instructions in this case are *held* not to be misleading.

2. **Damages:** INSTRUCTIONS: INJURY TO HORSE BY COLLISION. In an action for damages to a horse and buggy produced by a collision of vehicles in the street, the plaintiff can not recover on account of the fright the horse received or the kicking after the collision, and it is *held* that the instructions in this case are not subject to defendant's criticism, as it is not required that one or more instructions standing alone should embrace all the issues, but if all those given when taken and read together are harmonious and consistent, embracing all the material issues involved, it is sufficient.

3. **Instructions:** REFERRING TO PLEADINGS FOR ISSUES. It is the duty of the court to sift the pleadings and state the issue to the jury in its instructions and not remit the jury to the pleadings to find the issues.

*Appeal from the Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

REVERSED AND REMANDED.

*Harkless & Marley* for appellants.

(1) The correct rule of damages in this case should have been the reasonable expense of curing the horse of his injuries and the difference between the value of the horse before the injury and after the cure. *Streette v. Laumier*, 34 Mo. 469; *Hoffman v. Railroad*, 51 Mo. App. 273; *Monroe v. Lattin*, 25 Kan. 243; *Gillett v. Railroad*, 8 Allen, 560; Sedg. on Dam. [7 Ed.], notes bottom of pages 315, 316. This improper element of damages was material and must result in a reversal. *Churchman v. Kansas City*, 44 Mo. App. 669. (2) Instruction number 1 given at the instance of the plaintiff and instruction number 4 given at the instance of the defendant are wholly irreconcilable in this: that instruction number 4 expressly told the jury that they should not consider any damage to the horse occasioned on account of the scare or the fright he may have received, while under instruction number 1 given at plaintiff's instance, the jury were authorized to consider this very subject. (3) Now let us again look at instruction number 1 given at instance of plaintiff, and we find it wholly inconsistent and irreconcilable with said number 5, for it expressly authorizes the jury to assess to plaintiff all the damages sustained, without any exceptions. *Stone v. Hunt*, 94 Mo. 475; *Martinowsky v. Hannibal*, 35 Mo. App, 70; *Spellane v. Railroad*, 111 Mo. 555. (4) Instruction number 2 given at the instance of the plaintiff is erroneous. The viciousness of this instruction is that it refers the jury to the complaint in the case for a definition of the plaintiff's negligence which is not permissible. *Remmler v. Shennit*, 15 Mo. App. 192; *McGinnis v. Railroad*, 21 Mo. App. 399; *Grant v. Railroad*, 25 Mo. App. 227; *Gurley v. Railroad*, 93 Mo. 445; *Voegal v. The Pickle*, 49 Mo. App. 643; *Taylor v. Railroad*, 86

Mo. 457; *Kelney v. Railroad*, 101 Mo. 77; *Safety Bank v. Westlake*, 21 Mo. App. 565; *Grivand v. Railroad*, 33 Mo. App. 458.

*George & Lowe* for respondent.

(1) Now the only proper construction that can be given to said instruction is, that the difference in the value in the horse, means the difference in the value as he was just before such injuries and his value as he was left, meaning, of course, the value as he was left after the doctoring. Said instruction number 1, gives the jury the correct rule of damages in this case. *Streette v. Laumier*, 34 Mo. 469. (2) The plaintiff cannot have erroneous instructions given in a case and then by reason of the fact that such erroneous instruction may conflict with instructions given for the plaintiff, laying down the correct law of the case, have the judgment in such case reversed. *Lane v. Railroad*, 35 Mo. App. 567; *Vail v. Railroad*, 28 Mo. App. 372; *Alexander v. Clark*, 83 Mo. 482; *Crews v. Railroad*, 19 Mo. App. 302. (3) But in the case at bar, the only negligence charged in the complaint is, that the servant and employee of defendant, so carelessly drove and managed the wagon and horses, that by reason of his negligence the collision occurred, etc., and the evidence in this case, supported the averments of negligence contained in the complaint, and for that reason it is not material error to refer the jury to the complaint as it was done in this case, where the proof covers all allegations of the complaint. *Remmler v. Shennit*, 15 Mo. App. 192; *Cocker v. Cocker*, 2 Mo. App. 459. (4) In this case the court would not reverse the judgment on account of the giving of said instruction number 2, for the reason that it is manifest that the defendant has not been injured by such

instruction, for the reason the only evidence offered as to the amount of damages in this case, was offered by plaintiff, and no evidence whatever was offered by defendant to show that the injury was not as great as the injury claimed by plaintiff. *Morris v. Railroad*, 79 Mo. 367; *Lane v. Railroad*, 35 Mo. App. 567; *Keen v. Shnedler*, 92 Mo. 516; *Deering & Co. v. Collins*, 38 Mo. App. 80; *Chambers v. Benoist*, 25 Mo. App. 520.

SMITH, P. J.—This was an action to recover damages for the alleged negligence of the defendant. The plaintiff had judgment and the defendant has appealed.

The defendant, by its appeal, complains of the action of the trial court in the giving and refusing of instructions. The defendant objects that the first instruction given for the plaintiff, which told the jury that if they believed from the evidence that the plaintiff's harness, buggy and horse received any injury, they should allow and award to the plaintiff, as damages therefor, the actual and necessary cost of repairing said buggy and harness, and all expenses incurred doctoring and caring for said horse, made necessary by reason of such injury, and if they further believe from the evidence that said horse was permanently injured by reason of the carelessness and negligence of the servant or employee of said defendant they also should assess and award said plaintiff, as damages, the difference between the fair market value of said horse as he was just before such injury and his value as he was left by reason of such injury, was improper as to the measure of damages it declared.

The defendant contends that by this instruction the jury were directed to find the difference between the value of the horse immediately before, and immedi-

ately after, the injury, instead of the difference between the value before the injury and that after the cure. If the language of the instruction were subject to the construction which defendant places upon it, we should feel compelled to concede its contention. But we do not think it means anything of the kind. The jury were directed to allow for the doctoring of the horse and then, if they believed further that he had received a permanent injury, to find for plaintiff the difference between his value at the time he was injured and that in which he was left after he had been doctored. And this we think is in substantial accord with the rule declared in *Streette v. Laumier*, 34 Mo. 469. It is plain from the amount of the verdict of the jury that they did not include in their assessment of damages any incorrect amount. The instruction was no way misleading or improper.

Nor do we think the defendant's fourth and fifth instructions are in conflict with the plaintiff's first just quoted. These two instructions of the defendant informed the jury that they should not allow plaintiff any damages occasioned on account of the fright the horse received or the kicking after the collision occurred between plaintiff's buggy and the defendant's wagon. They constituted a part of the direction of the court to the jury for their guidance and must be taken along with all the others, and when so considered they are but exceptions engrafted on the first given for plaintiff. The effect of all of them was to inform the jury, that in allowing the plaintiff the items of damages mentioned in his first instruction they must leave out of their consideration such elements as are mentioned in the defendant's fourth and fifth. It is no ground for the reversal of a judgment that one or more of a series of instructions standing alone do not embrace all the issues. It is quite sufficient if all of

those given, when taken and read together, are harmonious and consistent—embracing all the material issues involved. The instructions of the plaintiff and defendant just referred to, we do not think subject to defendant's criticism.

The defendant further complains that the plaintiff's second instruction is erroneous in that it refers the jury to the pleadings to find the issues. It was the duty of the court to sift the pleadings and state the issues to the jury in its instruction. By this instruction the court remitted the jury to the complaint to find what were the issuable facts constituting the actionable negligence in the case.

The specific acts of negligence charged in the complaint were, "that the defendant by its servant and employees was driving a two horse milk wagon on said street in an opposite direction from that in which the plaintiff was driving, and that the servant of defendant so carelessly drove and managed said wagon and horses that by reason of his negligence one of the tugs of the harness on one of the said horses and one of the single trees on said milk wagon, one or more of the wheels of said milk wagon struck the said plaintiff's buggy, knocking and pushing it back to one side with great force and violence and broke one of the wheels of said buggy and scared and frightened said plaintiff's horse so attached to and being driven to said buggy, and thereby caused him to kick and become unmanageable and thereby break the shafts and dashboard of said buggy and scare and otherwise injure said buggy and greatly cut and tear and bruise the right hind leg of said horse upon and against said buggy and otherwise bruised and injured said horse."

It is always permissible in an instruction, for the purpose of shortening it, to refer to matters of description which are part of the narrative and not the

essential questions in the case which are apparent from the instructions, but we have no such case here. This instruction is erroneous and may have been prejudicial to the defendant and is sufficient ground for reversing the judgment. *Remmler v. Shenuit*, 15 Mo. App. 192; *Cocker v. Cocker*, 2 Mo. App. 459; *Procter v. Loomis*, 35 Mo. App. 482; *Corrister v. Railroad*, 25 Mo. App. 619. We discover no further serious objection to it, and especially so when read in connection with the defendant's seventh instruction upon the subject of contributory negligence. Under the facts as disclosed by the evidence, it seems to us, with the exception already stated, the instructions were substantially correct.

On account of the error complained of in plaintiff's second instruction, the judgment will be reversed and cause remanded. All concur.