HENRY H. ENGLISH, Respondent, v. MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

### Kansas City Court of Appeals, January 10, 1898.

Damages: COMPENSATION: QUALITIES OF FAMILY HORSE. The qualities of a domestic animal are as much matters of value as his strength or action, and if impaired by wrongful conduct of a party, the owner is entitled to compensation therefor.

*Appeal from the Cooper Circuit Court.*—HON. D. W. SHACKELFORD, Judge.

AFFIRMED.

*Wm. S. Shirk* for appellant.

The court erred in admitting evidence as to the damage done to the buggy by the horse kicking the same, after the accident. Also as to the damage done to the horse, by reason of its becoming frightened, and injuring itself by its own vicious propensities. Also as to the depreciation in the value of the horse as a driver or buggy horse, from having been spoiled as such by fright, and from having become a kicking and unruly horse. The court also erred in giving plaintiff's third declaration of law and in refusing defendant's second, for the reasons that the damages allowed by such evidence and said instructions are remote, consequential, speculative and conjectural, and such as could not have been anticipated by the defendant. *Shaw v. Dairy Co.*, 56 Mo. App. 521, *loc. cit.* 525; *Churchman v. Kansas City*, 44 Mo. App. 665, *loc. cit.* 669; *Francis v. Transfer Co.*, 5 Mo. App. 7, 11–13; *Wilson v. Weil*, 67 Mo. 399; *Saunders v. Brosius*, 52 Mo. 50. For this reason the judgment should be reversed.

*John Cosgrove* for respondent.

(1)   The court did not err in giving the third declaration of law asked by respondent, or in refusing appellant's second.   The damages assessed were not "remote, consequential, speculative and conjectural." They were such damages as the respondent is entitled to recover upon the facts in this case.   *Estell v. R'y*, 147 U. S. 591; *Oliver v. La Valle*, 36 Wis. 592; *Mc-Donald v. Snelling*, 14 Allen, 292; *Topeka v. Tuttle*, 5 Kan. 312; *Oleson v. Brown*, 41 Wis. 413; 2 Thompson on Negligence, p. 1262.   (2)   The measure of damages was the difference in value of the horse and buggy just before the accident and their value after the injury.   *Hoffman v. R'y*, 51 Mo. 273, and cases cited.

GILL, J.—Plaintiff sued the defendant for damages done to his horse and buggy while passing over a crossing at the village of Bunceton.   On a trial before the court without a jury plaintiff had judgment for $108 and defendant appealed.

The facts are practically undisputed, the sole question being as to the proper measure of damages. While plaintiff was driving his horse and buggy over the crossing, a tire or felloe of one of the wheels caught under the flange or head of a large spike

STATEMENT.

put in by the railroad company to hold the boards in place, causing the buggy to be suddenly thrown or wrenched to one side; the shaft was broken and fell upon the horse's heels, and he thereby became frightened and unmanageable and began kicking, thereby destroying the dashboard and breaking the harness; that because of the accident the horse became a kicking horse and thereafter spoiled for buggy or driving purposes; that the animal before the injury was worth $150, but thereafter plaintiff sold him, as he

termed it "at the end of a halter" (that is, as a spoiled kicking horse) for $38, and this was then about his real value.

Under this state of facts defendant's counsel asked the court to declare the law to be, "that in assessing plaintiff's damages, the court can not take into consideration any damages caused to the plaintiff's buggy or horse by reason of the plaintiff's horse becoming frightened and kicking said buggy, and injuring either said buggy or horse, nor any damages to said horse by reason of said horse becoming, by reason of such fright, a kicking or vicious horse, and thus of less value than he was before said accident occurred." The court refused this instruction and gave one asked by plaintiff to the effect that plaintiff was entitled to recover the difference in value of the horse and buggy just before and immediately after the injury.

It seems to be defendant's contention that, conceding its negligence as charged by plaintiff, yet it is only liable for the destruction of the buggy shaft (which cost only $3 to repair), and that the other damage done to the dashboard by the kicking of the horse, as well as the loss sustained by spoiling the horse and rendering him vicious and unsafe, are too remote, speculative and conjectural to be considered.

We think there is no merit in this contention. The primary object in suits of this character is to compensate the plaintiff for the pecuniary loss inflicted on him by the wrongful act of the defendant. There is nothing speculative or remote in the damages claimed by this plaintiff and awarded by the court. They were such as immediately followed or resulted from the negligence of the defendant. The qualities of a domestic animal are as much matters of value as his strength or action, and if these qualities are impaired or destroyed by the wrongful conduct of a party, there is no reason

why compensation should not be made, and to the same extent and for the same reason that compensation should be had for physical injury. Plaintiff's horse may have been, as the testimony shows, quite valuable as a harness horse—kind and docile; and if defendant is to be blamed for destroying these valuable qualities, then it ought to make the loss good to plaintiff.

The authorities cited in plaintiff's brief fully sustain the trial court, while those referred to by defendant's counsel have no application.

Judgment affirmed. All concur.