MELL COOKMAN, Respondent, v. CONRAD NILL, Appellant.

**Kansas City Court of Appeals, October 30, 1899.**

1. **Malicious Trespass:** EVIDENCE: FAILURE OF PROOF: NEG-
LIGENCE: The evidence in this case fails to show any malice or
willfulness and is not sufficient to sustain an action for malicious
trespass, to say nothing of plaintiff's negligence in the premises.

2. ———: MEASURE OF DAMAGES: EXPENSES. The measure of
damages for malicious trespass to personal property is the difference
in value before and after the injury, including expense of mending
and curing.

Appeal from the Sullivan Circuit Court.—*Hon. W. W.
Rucker*, Judge.

REVERSED.

*Childers Bros.* for appellant.

(1) The court erred in overruling defendant's objec-
tion to the introduction of any evidence in support of plain-
tiff's complaint. English v. Railway, 73 Mo. App. 232;
Sutherland on Damages, p. 17. There must be a value to
property before there can be damages measured by dollars,
and in this case there is neither pleading nor proof that this
property had any value. (2) The court erred in overruling
defendant's demurrer to plaintiff's evidence, and at the close
of the whole case. (3) The measure of damages in this
case is the difference between the value of the property before
the injury and immediately thereafter, and reasonable ex-
penses incurred or value of time spent in reasonable endeavors
to preserve or restore the property injured. Harrison v. Rail-
way, 88 Mo. 625; Hoffman v. Railway, 51 Mo. App. 273;
Streett v. Laumier, 34 Mo. 469; Shaw v. Dairy Co., 56 Mo.
App. 521; English v. Railway, 73 Mo. App. 232.

*Clapp* and *Bingham* for respondent.

ELLISON, J.—This action is based on section 8682, Revised Statutes 1889. The complainant charges defendant with wantonly injuring his horse and his buggy. The verdict in the trial court was for plaintiff, which was doubled by the court on plaintiff's motion.

It appears that on the night of October 30, 1897, there was a celebration in the town of Milan and that the streets were crowded with people, many of whom were shouting, throwing corn and beans and shooting fire-crackers and Roman candles. That plaintiff's son had driven a team and buggy into town from his home in the country and put it up in a livery barn. That late in the evening he took the team out and hitched one of the animals to a rack on the west side of the street which runs on the east side of the public square in which is situated the county courthouse. He seems then to have concluded to stay in town for the celebration and after eating his supper, he was about the streets, in and out at different places.

The defendant, while the celebration was in progress, came out of his place of business on the street where the team was hitched to the rack on the opposite side and exploded a Roman candle, holding it at such an angle that the fire balls of different colors would fall over in the courthouse yard or around the plaintiff's horses. This frightened the horses so that they ran away, injuring one of them as well as the buggy.

Defendant objected to the sufficiency of the complaint and to the evidence and instructions given for plaintiff, and refused as offered by him.

In our opinion the evidence does not make out a case under the statute. Passing by the question of the gross negligence of plaintiff's son in leaving the team unattended, hitched to a rack on the side of the street filled with people in the midst of a celebration which was being carried on by

throwing grain and exploding fire-crackers and candles, as well as by loud cries of participants, we find no evidence to justify a finding that defendant's act was wantonly or maliciously committed. There is no pretense of any spite or ill will, and there is nothing to indicate any willful disregard of the rights of others, or that defendant had any idea that his act would affect plaintiff's team, or, indeed, that he knew of the team.

Again, the proof as to damages was all made over the protest of defendant's counsel and was improperly heard. There was no allegation or proof of the value of the animal or the buggy. The damage done to each would have been the difference of value before the injury and after, including expense of mending the buggy and attending and curing the horses. Harrison v. Railway, 88 Mo. 625; Hoffman v. Railway, 51 Mo. App. 273; Streett v. Laumier, 34 Mo. 469; Shaw v. Dairy Co., 56 Mo. App. 521; English v. Railway, 73 Mo. App. 232. No heed seems to have been given to this rule in the trial.

The demurrer to the evidence should have been sustained. The judgment is reversed. All concur.