BY THE

ST. LOUIS, KANSAS CITY AND SPRINGFIELD

# COURTS OF APPEALS

AT THE

OCTOBER TERM, 1912.

---

A. J. ESTES et al., Appellants, v. ROBERT R. RICHARDS et al., Respondents.

**Kansas City Court of Appeals, October 7, 1912.**

**EQUITY: Judgments: Deeds of Trust.** Where a judgment debtor suffers a deed of trust, which is a prior lien, to be foreclosed and takes no steps to protect his interest, in the absence of any fraud in the transaction, equity will not afford relief.

Appeal form Boone Circuit Court.—*Hon. N. D. Thurmond,* Judge.

AFFIRMED.

*W. M. Williams* and *Sebastian & Sebastian* for appellants.

(1) Plaintiff's judgments constituted a lien upon the land subject to the deed of trust. Defendant Settle, after agreeing to pay the notes and taking the land subject to the lien of these judgments, could not, by his own default in the performance of his contract, procure a foreclosure of the mortgage. This operated as a fraud upon the plaintiffs, and any fraudulent conveyance to the injury of another can be reached and

avoided in equity. Wait on Fraudulent Conveyances, sec. 24; 20 Cyc. 349. (2) Defendant Settle sold the land to Earsom, an innocent purchaser. So that the judgments cannot be enforced against the land. Defendant Settle, however, received, as a part of the proceeds of this transaction, $800 for the equity of redemption in the land upon which the transcript judgments were liens. Having transferred that property so that it cannot be reached, the defendant Settle must be held to account for the proceeds thereof. Muskegon Valley Furniture Co. v. Phillips, 21 So. (Ala.) 822; Kickbush v. Corwith, 85 N. W. (Wis.) 631; 20 Cyc. 631.

*Arthur Bruton* for respondent.

The only force and effect of the clause in the deed from Richards to Settle agreeing to pay deed of trust was to create a personal obligation on the part of Settle to pay the notes and deed of trust mentioned without any limitations as to time or manner of payment. Settle was not in default in the payment of these notes or any part of his contract in any respect. He paid the notes and interest in full. He had a right to pay them at such time and in such manner as would best serve his own interests. He merely assumed Richards' personal obligation and stood between Richards and payment. The plaintiffs are not concerned, as a matter of law, with the agreement between Richards and Settle or the time or manner of its performance. Smith v. Davis, 90 Mo. App. 533; MacAdams v. King, 10 Mo. App. 578; Palmer v. McKnight, 31 Ont. 306; 29 Cyc. 1351, note 41; 20 Am. & Eng. Ency. Law, p. 986. Plaintiffs' second proposition is not in this case. Their suit was brought on the theory of a merger of deed of trust with the equity of redemption. They did not seek a personal judgment against Settle for their judgments. The difference between the consideration in the deed of Richards to

Settle and Settle to Earsom ($800) represents nothing more than a profit realized out of two separate and distinct transactions. There is no merger in this case and no liability on the part of Settle to plaintiffs. Bassett v. O'Brien, 149 Mo. 381; Hardy v. Atkinson, 136 Mo. App. 600; Wonderly v. Giessler, 118 Mo. App. 718; Hayden v. Lauffenburger, 157 Mo. 88.

BROADDUS, P. J.—This suit is for the purpose of setting aside a sale made by the trustee in a deed of trust and that a judgment of plaintiffs against the grantor in the deed of trust be made a lien on the land sold and conveyed by said trustee.

The facts are not in dispute. They are substantially as follows: On the first day of March, 1909, the defendant Settle sold to defendant Richards eighty acres of land in Boone county for the sum of forty-eight hundred dollars. Richards gave in part payment for the land his two promissory notes, one for $2500, due in five years from date, and one for $1250, due one year after date, both notes bearing seven per cent interest from date, secured by a deed of trust on the land. Afterward on May 3, 1909, the plaintiffs obtained two judgments against defendant Richards before a justice of the peace, one for the sum of $165.47, the other for $136.73. A transcript of each was filed in the office of the circuit clerk May 15, 1909.

On the first day of March, 1910, the defendant Richards resold and conveyed the land to defendant Settle and put him in possession, not long after which he was notified by plaintiffs of the judgments aforesaid. The consideration for the resale was that defendant Settle agreed to pay the notes and interest secured by the deed of trust on the land which, at that time, amounted to about $4000. Previously, however, Settle had sold and transferred the notes to Mrs. Ruth Arnold. About a year after Settle had obtained a reconveyance of the land from Richards  to himself

which he failed to place on record, he procured a sale of the land under the deed of trust and became the purchaser for less than the amount of said notes. On the same day he resold the land to defendant Earsom who, it is admitted was an innocent purchaser, for the sum of $4800. The court dismissed plaintiffs' petition and rendered judgment in favor of defendant for costs. From the judgment plaintiffs appealed.

At the outset we are confronted with a condition that is somewhat novel in that the plaintiffs' suit is for the purpose of setting aside the sale made by the trustee to Settle, one of the consequences of which would be to vitiate the deed Settle made to the defendant Earsom who bought in good faith and is admitted to be an innocent purchaser. The plaintiffs recognize that under this condition no such relief can be afforded, but insist that it is within the power and is the duty of the court to affirm the sale made by the trustee and to compel Settle to account for $800, the difference between the amount of the two notes secured by the deed of trust on the land and which he had agreed to pay, and the amount he received from Earsome on the sale of the land he made to him. Perhaps if a miscarriage of justice could be averted thereby the strong arm of equity should interfere and disgard the allegations of the petition and the prayer for relief and afford the relief now asked.

It must be conceded that when the defendant Settle took a reconveyance of the title to the land and obligated himself to pay the notes secured by the deed of trust he "slipped into the shoes of the mortgagor as to that debt, became the principal debtor, and the mortgagee was, thereafter bound to recognize him as such," etc. [Smith v. Davis, 90 Mo. App. 533; Pratt v. Conway, 148 Mo. 291.] The judgments of plaintiffs rendered prior to the transaction were a lien on defendant Richards' interest in the land prior to the resale of the land to Settle, such interest being the right

to redeem the land by payment of the two notes and interest secured by the said deed of trust.

The plaintiffs took no steps, however, to protect their lien and suffered the deed of trust to be foreclosed which in the absence of fraud extinguished the judgment lien on Richards' equity of redemption. But the argument is that the defendant Settle should have paid off the two notes as he had agreed to do, in which event plaintiffs' lien would have been 'left intact and the notes would have stood cancelled.

But we do not understand that when Settle agreed to pay the two notes that he assumed any obligation whatever to plaintiffs to pay them as his undertaking was with Richards for the benefit of Mrs. Arnold. The plaintiffs had their remedy. They could have had the equity of redemption sold under the judgment and bought in the land, or they could have attended the trustee's sale and protected themselves by bidding on the land or bidding enough to satisfy the judgment. But their conduct in failing to do either indicates that this proceeding is the result of an afterthought. They had the same opportunity to buy in the land as Settle had. He bought in as he had a right to do to protect his title. The plaintiffs had the right to purchase to protect their judgment. It was a fair and open transaction without a taint of fraud. The plaintiffs' plea is a dilatory one and without merit. The judgment is affirmed. All concur.