## PALMER *v.* COSTELLO.

---

OFFICERS; MARSHAL; ADMIRALTY LAW.

1. A marshal is charged exclusively with the protection of property legally in his custody, and the maxim, *Volenti non fit injuria,* cannot be invoked by him against the owner.
2. A marshal's exclusive control of a boat under a libel is not affected by the filing of a cross libel by the owner.

No. 2539.  Submitted November 3, 1913.  Decided December 1, 1913.

HEARING on an appeal by the defendant, the United States marshal for the District of Columbia, from a judgment of the Supreme Court of the District of Columbia entered upon ver-

dict of a jury in an action brought to recover damages for the loss of plaintiff's boat while in defendant's custody as marshal, alleged to have been caused by his negligence. *Affirmed.*

The COURT in the opinion stated the facts as follows:

Appeal from a judgment in the supreme court of the District upon a verdict against the defendant, Aulick Palmer, appellant here, for damages to plaintiff's boat resulting from alleged negligence of appellant while the boat was in his custody as marshal.

The boat "India" was seized on November 13, 1906, by the marshal in the execution of a warrant of arrest issued in the case of *Moore* v. *The India,* No. 700, District Docket. She was then moored in the Potomac River, not far from the foot of 13th street in the District of Columbia. The attorney for the libellants, to save expense, instructed the marshal not to place a watchman aboard the boat, and, accordingly, no steps were taken looking to her preservation or care. In the latter part of January or the early part of February, 1907, the boat sank and became a total loss. There was evidence that a reasonable and prudent man would have drawn the boat out of the water or kept a watchman aboard her, or, at least, would have emptied and closed her pipes. In other words, there was evidence before the jury tending to show that the sinking of the boat was the result of negligence on the part of the marshal. The plaintiff admitted that between the date his boat was libeled and her sinking he had been to the boathouse opposite the point where she was moored about three times, and that he had reason to believe that if the river froze she might sink. He made no complaint to the marshal, nor did he make any suggestions as to what was proper to be done to protect the boat, believing, as he testified, that, inasmuch as the boat was in the care and custody of the marshal, the matter was entirely out of plaintiff's hands.

It further appeared that on the 13th of December, 1906, and while the boat was still safe, plaintiff filed a cross libel claiming of the libellants damages by reason of alleged poor workmanship, etc., upon the boat.

*Mr. Clarence R. Wilson,* United States District Attorney, for the appellant:

1. A person who sees his property endangered through the negligence of another who, perhaps, owes the immediate duty of care, having the property in his custody, shall be required to take reasonable measures to protect his property, under penalty of suffering the loss consequent upon the opposite party's negligence. *Dubuly* v. *Gunning,* 4 T. R. 656; *Winter* v. *Flinn,* 4 Car. & P. 494; *Prettyman* v. *Williamson,* 1 Penn. (Del.) 224; *Weaver* v. *Bachert,* 2 Pa. St. 80; *Mark* v. *Hudson River Bridge Co.* 56 How. Pr. 108; *Western Real Estate* v. *Hughes,* 172 Fed. 206; *Factors' & T. Ins. Co.* v. *Werlein,* 42 La. Ann. 1046, 11 L.R.A. 361; *Harrison* v. *Missouri P. R. Co.* 88 Mo. 625; *Pennsylvania R. Co.* v. *Washburn,* 50 Fed. 335; *Hamilton* v. *Feary,* 8 Ind. App. 615; *Missouri ex rel. Rice* v. *Powell,* 44 Mo. 436; *Douglas* v. *Stephens,* 18 Mo. 366; *Lloyd* v. *Jones,* 60 Vt. 288.

2. By filing his answer and claim and cross libel, Costello became an actor in the litigation, and as such was bound to notify the marshal or the court of the alleged negligence in the care of the boat seized by the marshal. *United States* v. *422 Casks of Wine,* 1 Pet. 547; *Ward* v. *Chamberlain,* 21 How. 572, 574; *Hawgood Transit Co.* v. *Dingman,* 94 Fed. 1015.

*Mr. Paul E. Lesh* also for appellant.

*Mr. Leonard J. Mather* and *Mr. Richard J. Downey,* for the appellee:

1. The maxim, *Volenti non fit injuria,* has no bearing in this case.

Mr. Justice ROBB delivered the opinion of the Court:

The defendant seeks to apply the maxim, *Volenti non fit injuria,* and cites numerous cases in which it has been held ap-

plicable. But in each of those cases the party against whom the maxim was invoked had possession, or the right to possession, of the property involved. In other words, a party having the lawful right to exercise dominion and control over his own property may not sit idly by and see that property destroyed through forces negligently set in motion by another, and then collect damages occasioned by his own failure to make reasonable exertions to arrest the threatened disaster. In such a case, the party whose property is jeopardized is required to act, when the fact of jeopardy is known to him, upon the theory that the way is open to him to act. The authorities cited clearly illustrate this thought. In the case of *Mark* v. *Hudson River Bridge Co.* 103 N. Y. 28, 8 N. E. 243, a tugboat collided with a bridge. The owners of the bridge, in endeavoring to save it, attempted to move the tug, and, through their negligence, caused a part of the bridge to fall upon it, thereby placing the tug in a dangerous position, and she was left in this position by the bridge owners. Having full knowledge of the situation, the tug owners did nothing, and the tug subsequently sank. It was ruled that the tug owners should have made reasonable efforts, after they discovered the peril in which their boat was placed, to extricate her therefrom, and that the only damage recoverable was for the injury actually inflicted upon the tug by the bridge owners. It will thus be seen that the tug owners sat idly by and permitted their own property, over which they exercised unquestionable dominion and control, to suffer damage. See also *Western Real Estate* v. *Hughes,* 96 C. C. A. 658, 172 Fed. 206; *Pennsylvania R. Co.* v. *Washburn,* 50 Fed. 335; *Harrison* v. *Missouri P. R. Co.* 88 Mo. 625.

In the present case, the dominion and control of the plaintiff over this boat terminated when the marshal took possession of her. Thereafter he had no more control over her than over any other boat not his own. That control, by operation of law, was transferred to the marshal and was complete and exclusive. While in his custody the law made it his duty to exercise reasonable care and diligence in protecting her; and it was not the duty of the plaintiff to direct the marshal as to the proper steps

to be taken to that end.  The libellants appear to have under-taken to do so, but the making of suggestions by them in no way relieved the marshal of the duty which the law imposed upon him.

The further suggestion is made that, because the plaintiff, prior to the sinking of the boat, filed a cross libel, he became an actor in the litigation, and, as such, was bound to notify the marshal or the court of the alleged negligence in the care of the boat.  The filing of the cross libel in no way affected the control of the boat.  That control still remained in the marshal under the original libel, and his duties and responsibilities did not change.  The judgment must be affirmed, with costs.

*Affirmed.*