Robert L. HAWKINS, Plaintiff,

v.

Pearl V. ALCORN, Individually and as Personal Representative of the Estate of Bill J. Alcorn, deceased, Defendant-Appellant,

Michael A. Turken, L.W. Kingen, Barbara L. Alcorn, Laura Anne Alcorn, Vicki L. Walton, Mark Allan Alcorn, Defendants-Respondents.

No. 49783.

Missouri Court of Appeals, Eastern District, Division Two.

Sept. 17, 1985.

Gerald L. Birnbaum, O'Fallon, for defendant-appellant.

Ellsworth Cundiff, St. Charles, David Wellington Whipple, Kansas City, for defendants-respondents.

Robert C. Jones, Clayton, for plaintiff.

KELLY, Judge.

Pearl V. Alcorn brings this appeal from a judgment of the Circuit Court of St. Charles County in an interpleader action involving the proceeds from the sale of a piece of residential property situated in St. Peters, Missouri, instituted by Robert L. Hawkins, the plaintiff. Hawkins sold the property at a foreclosure sale as the suc-

cessor trustee under a deed of trust executed by Bill J. Alcorn and his former wife, Barbara Alcorn after the loan secured by the deed of trust went into default. After subtracting the amount due on the loan, Hawkins paid the excess proceeds from the foreclosure sale into the circuit court. The dispute in this case is centered around how those funds should be distributed since Bill Alcorn is now deceased. The circuit court ordered part of the funds to be distributed to certain of the defendants who held judgment liens on the property and the appellant contends that the funds should have been ordered distributed to the Probate Court of Warren County, which has jurisdiction over Bill J. Alcorn's estate.

The case was submitted to the Circuit Court on a stipulation of facts that Bill J. Alcorn and Barbara L. Alcorn owned the St. Peters property as tenants by the entireties until June 26, 1981, when the couple was divorced in the St. Charles County Circuit Court. Pursuant to the dissolution decree the real property was ordered to be placed on the market and sold. Until the property was sold, Bill J. Alcorn was to make payments thereon, including the mortgage payments, insurance and taxes. When the property was sold, Mr. Alcorn was to receive the amount of money he had expended in conformance with the decree, and the remaining proceeds from the sale were to be divided between Mr. Alcorn and his former wife, Barbara Alcorn. Until the property was sold, Barbara Alcorn and the couple's minor child, Laura Ann Alcorn, were to enjoy the use of the property.

The dissolution decree also provided for a judgment against Mr. Alcorn in an amount of $2,110.50, for Michael Turken, as attorney's fees for his representation of Barbara Alcorn in the dissolution proceedings. There was a further provision in the dissolution decree that Barbara Alcorn be paid $401.50 for monies she had spent in the dissolution proceedings. Mr. Alcorn was also ordered to repay half of a $7,000.00 loan given to the couple by Barbara Alcorn's father, L.W. Kingen; and he was ordered to pay Barbara Alcorn an amount for maintenance and child support. These

judgments resulted in liens against Mr. Alcorn's property pursuant to § 511.350 RSMo Supp.1984.

Following the dissolution of his marriage to Barbara, Mr. Alcorn married the appellant, Pearl V. Alcorn. On August 6, 1982, Mr. Alcorn died, and an estate was opened in the Probate Court of Warren County. Appellant is the personal representative for the estate. The following claims based on the dissolution decree have been filed against the estate:

| | | |
|---|---|---|
| 1. | Michael Turken, for | $2,110.50 |
| 2. | Barbara Alcorn, for | 3,665.00 |
| 3. | L.W. Kingen, for | 3,500.00 |

These claims were approved and allowed by the Probate Court of Warren County.

After Mr. Alcorn's death, no payments were made on the St. Peters property and as a consequence default was made on the deed of trust. On April 26, 1983, the property was sold for $50,000.00 at a foreclosure sale by Robert Hawkins as successor trustee. Hawkins paid the balance of $29,167.40 due on the promissory note. He then subtracted $861.00 for attorney's fees, and paid the remaining $19,971.60 into the St. Charles County Circuit Court in connection with this interpleader action.

On February 1, 1985, the Circuit Court of St. Charles County found that paragraph 19, subparagraph 4 of the Deed of Trust required the successor trustee, Robert Hawkins, to pay "the established claims of subordinate lien holder" before paying the remaining balance to the borrower. The circuit court then held that the above claims constituted liens on the decedent's interest in the property, and ordered $7,605.52 paid to Barbara L. Alcorn, as her share of the proceeds of the sale. The trial court arrived at this figure by deducting $4,657.55, as a credit for payments Mr. Alcorn had made pursuant to the dissolution decree from the date of dissolution of the marriage to the date of his death, from the sales price and $103.00 for court costs, leaving a balance of $15,211.05. He then ordered that half of this balance be paid to

Barbara—the $7,605.52 mentioned herein-above—and the balance as follows:

Michael A. Turken...$2,100.00 plus $480.00 interest
L.W. Kingen........ 3,500.00 plus 813.00 interest
Barbara L. Alcorn ... 3,665.00 plus 849.00 interest

The balance of the funds was ordered paid to the Estate of Bill J. Alcorn, deceased.

All of the parties agree that $7,605.52 is Barbara Alcorn's share of the proceeds from the foreclosure sale and that the circuit court correctly ordered that that amount be paid to her. However, Mr. Alcorn's estate is insolvent and appellant as the personal representative contends that the decedent's share of the excess proceeds from the foreclosure sale is subject to the jurisdiction of the Probate Court of Warren County, in which all claims against the estate are to be filed and classified in accordance with § 473.397 RSMo Supp.1984. She also contends that Michael J. Turken, L.W. Kingen, and Barbara Alcorn lost their judgment liens on the real estate when they permitted the foreclosure sale because the proceeds of the sale are not real estate as that term is defined in § 511.010 RSMo 1978.

We agree with the appellant's contention that the circuit court erred in awarding a portion of the funds deposited with the court directly to the claimants, Turken, Kingen, and Barbara Alcorn in satisfaction of their judgments against the deceased.

■ No claim, including a judgment against a deceased during his lifetime, can be paid until the claim is certified to the probate court which has jurisdiction over the decedent's estate for allowance and classification. *Wahl v. Murphy*, 99 S.W.2d 32, 35 [4] (Mo.1936); *McFaul v. Haley*, 166 Mo. 56, 65 S.W. 995, 997 (1901); *Winn v. Maddox*, 263 S.W.2d 470, 472 [5, 6] (Mo. App.1953); *Rhodes v. Rhodes' Estate*, 246 S.W.2d 98, 102 [2] (Mo.App.1952). Upon the death of a person, those who have judgments against him "are relegated to the procedure prescribed by the administration law for the collection of their claims" and this procedure requires that claims be paid only through the probate court.

*Winn v. Maddox*, supra, at p. 473[4]. See also *Wahl v. Murphy*, supra, at p. 35[3].

This rule must be strictly followed because under § 473.397 RSMo Supp.1984 and § 473.440 RSMo Supp.1984, if an estate is insolvent, as the Alcorn Estate is, judgments and judgment liens occupy only an eighth priority status with regard to payment.

Therefore, before a court can determine whether a judgment can be paid, it must know the overall financial condition of the decedent's estate, and the probate court which is administering the estate on an ongoing basis is the only court which is in a position to have the information relative to the solvency of the estate readily available.

■ We also are compelled to hold that there is merit in appellant's contention that the judgment creditors lost their liens on the real property when they permitted the foreclosure sale of the realty under the pre-existing deed of trust. The statutory lien of a judgment does not follow the surplus produced by a sale of the realty when the sale occurs under a pre-existing deed of trust. *Warner v. Veitch*, 2 Mo. App. 459, 462[2] (1876). See also *Estes v. Richards*, 166 Mo.App. 585, 149 S.W. 1165, 1166 (1912). Further, under § 511.350 RSMo Supp.1984, a judgment against a person results in a lien only against that person's real estate. Under § 511.010 RSMo 1978, real estate includes only "all estate and interest in lands, tenements and hereditaments liable to be sold upon execution." This definition does not include *proceeds* from the sale of real estate.

■ However, though the liens did not survive following the sale under the deed of trust, the judgments survived in accordance with § 511.550 RSMo 1978 and constitute eighth priority claims against the estate under § 473.397 RSMo Supp.1984. This is the same priority they would have enjoyed if the liens had not been extinguished by the foreclosure sale. Section 473.440 RSMo Supp.1984 clearly provides that even if there are liens on the real or personal property of an estate at the time

of the sale of that property, the proceeds from the sale must be used first to pay all claims that fall within clause one through seven as specified in § 473.397 RSMo Supp. 1984. Only after these claims are satisfied can the judgment liens be paid. Thus the fact that these liens did not survive does not affect the standing of the defendant-respondents who were the holders of the judgments.

We reverse and remand with directions to the circuit court to turn over $12,366.08 to the Probate Court of Warren County for the Estate of Bill Alcorn, deceased.

STEPHAN, C.J., and SIMON, P.J., concur.