JOSEPH STREETT, Respondent, v. JOHN H. LAUMIER, Appellant.

*Trespass—Damages.*—Where the defendant's horse and wagon by the carelessness and negligence of defendant's servant, and without any fault of the plaintiff, ran against and injured the horse of the plaintiff, standing in the street, the defendant will be liable to the plaintiff for the damage done. The measure of damage in such case will be the expenses of curing the horse of his injuries, the value of his services while being cured, and the difference between the value of the horse before the injury and after the cure.

*Appeal from St. Louis Court of Commom Pleas.*

*George Marshall,* for respondent.

*A. M. & S. H. Gardner,* for appellant.

BATES, Judge, delivered the opinion of the court.

This suit was brought to recover damages for an injury to a horse of the plaintiff, caused by its being struck by a horse

of the defendant which was driven carelessly by an employee of the defendant against the plaintiff's horse, in a street of the city of St. Louis. There was verdict and judgment for the plaintiff.

The court instructed the jury as follows:

"If the jury shall believe from the evidence that whilst the horse and wagon of plaintiff were on the street, the horse of defendant came running along the street where plaintiff's horse was at the time standing, and ran into and upon said horse of plaintiff with such force and violence as to greatly injure and wound him, and that the running of said horse of defendant was caused by the carelessness and negligence on the part of defendant, or his servants, they will find for plaintiff, and in so doing they will assess his damages at the amount of expenses incurred by plaintiff in attending to the curing of said horse of his injuries, the loss of time of said horse whilst so injured, and the difference, if any, between the value of the horse, now, by reason of the injury, and the value of said horse before the injury done by defendant's horse; not, however, exceeding the amount claimed in the petition.

"The above instruction is given on the supposition that the plaintiff's horse and wagon were properly left standing in the street, and that there was no want of care or prudence in the plaintiff or his agent in leaving them in the condition they were at the time of the injury; for, if any want of care or prudence of the plaintiff, or his agent or servant, caused or contributed substantially and materially to produce the injury, the defendant is not liable in this suit."

The court also gave, at the request of the defendant, the following instruction:

"Unless the jury find from the evidence that the injury to plaintiff's horse was occasioned by the carelessness or negligence of defendant or his servants, or by the viciousness of defendants horse, then they should find for defendant."

The court refused the following instruction asked by the defendant:

"If the jury find from the evidence that the injury to plaintiff's horse was occasioned by plaintiff's horse turning into the street, so as to render it impossible for defendant's wagon to pass without coming in contact with said horse, and that said horse would not have been hurt if it had remained standing by the side-walk, where it was left by the witness Payne, then the jury should find for the defendant."

There was no error in the refusal of this instruction. All that was proper in it was included in the first instruction given.

There was evidence upon which to base the instructions which were given, and we do not estimate its weight. Those instructions correctly informed the jury as to the questions of carelessness or negligence of the parties.

Judgment affirmed. Judges Bay and Dryden concur.