EDWIN CHURCHMAN, by next Friend, Respondent, v. KANSAS CITY, Appellant.

Kansas City Court of Appeals, April 27, 1891.

1. **Contributory Negligence:** CONDITION OF VIADUCT SEEN IN TIME TO AVOID INJURY: INSTRUCTION. Plaintiff's team was killed and himself injured by reason of the unsafe condition of an approach to a viaduct in a street, over which he was driving. The defense was contributory negligence. The court amended one of defendant's instructions so that it told the jury that, if by the exercise of ordinary care the condition of said viaduct could have been seen by the plaintiff before driving upon the same *in time to have avoided the injury*, then your verdict will be for the defendant. *Held*, the italicized words should not have been added, as they had a tendency to confuse.

2. **Damages:** MEASURE OF: LOSS OF TIME OCCASIONED BY LOSS OF PROPERTY: INSTRUCTION. An instruction directing the jury in estimating plaintiff's damages to take into consideration the loss of property he sustained, the loss of time he sustained thereby, is erroneous. The measure of damages in such case is the value of the property with interest.

3. **Municipal Corporation:** LIABILITY FOR STRUCTURE IN STREET. The facts as to who built a structure in the streets of the city, for what purpose and when, and who has charge thereof, and where it leads, are matters necessary for a full understanding of the liability of the city for such structure in an action for damages occasioned by its unsafe condition for travel.

*Appeal from the Clay Circuit Court.*—HON. JAS. M. SANDUSKY, Judge.

REVERSED AND REMANDED.

*R. L. Yeager* and *W. S. Cowherd,* for appellant.

(1) There being no evidence that the city built or controlled the viaduct, the case should not have been

submitted to the jury. *Bishop v. Centralia*, 49 Wis. 669 ; *Hemphill v. Boston*, 8 Cush. 195 ; *Durgan v. Lowell*, 3 Allen, 398 ; *Landis v. Hamilton*, 77 Mo. 563 ; *Brink v. Collier*, 56 Mo. 168-9. (2) Plaintiff's testimony so clearly showed the dangerous condition of the viaduct, and that the same was perfectly apparent to plaintiff at the time, that he was guilty of contributory negligence in attempting to cross it. *Turner v. Railroad*, 74 Mo. 602 ; *Powell v. Railroad*, 76 Mo. 85 ; *Milburn v. Railroad*, 86 Mo. 109 ; *Lenox v. Railroad*, 76 Mo. 91; *Buesching v. Coke Co.*, 73 Mo. 219 ; *Harris v. Railroad*, 40 Mo. App. 255. (3) The court modified instruction, numbered 5, asked by defendant, by inserting the italicized words. This instruction in this modified form told the jury that, notwithstanding plaintiff entered upon the viaduct with knowledge of its dangerous condition, this would not preclude a recovery provided he could not, after driving upon it, have stopped in time to have avoided the injury. This was erroneous for two reasons, viz.: While instruction, numbered 5, may be a correct statement of an abstract proposition of law, yet it injects into the case an element not warranted by the evidence and renders the instruction misleading. *Walker v. Stetson*, 14 Oh. St. 89 ; *Henderson v. Stiles*, 14 Ga. 135 ; *Gorman v. Campbell*, 14 Ga. 137 ; *Railroad v. Swift*, 26 Ind. 459-473 ; *Ferguson v. Fox*, 1 Metc. (Ky.) 83 ; *Selin v. Snyder*, 11 Serg. & R. (Pa.) 319-324; *Railroad v. Payne*, 49 Ill. 499 ; *Moffit v. Cressler*, 8 Ia. 122 ; *Belt v. Goode*, 31 Mo. 128; *Wood v. Steamboat*, 19 Mo. 529.

*Robert Adams*, with *Buckner & Sebree*, for respondent.

(1) The first proposition that, "there being no evidence that the city built or controlled the viaduct, the case should not have been submitted to the jury," is untrue. All the evidence showed it "was used as a

public street, was a part of Twelfth street, built in it, and was under control of the defendant both before and after the accident." A review of the evidence in abstract and additional abstract will conclusively show this. *Oliver v. City of Kansas*, 69 Mo. 83; *Kinney v. Springfield*, 35 Mo. App. 108, 109. The question of the viaduct being a public highway and under the control of appellant was never denied or controverted in the court below. A party will not be allowed to try a case in the appellate court on a different theory from the one on which the case was tried in the court below. 70 Mo. 575; 79 Mo. 563; 19 Mo. App. 190, 293, 487, 582; 22 Mo. App. 527, 561; 23 Mo. App. 224; 24 Mo. App. 503; 25 Mo. App. 592. (2) The evidence on the question of contributory negligence being conflicting was a question to be submitted to the jury, and their decision is final. The evidence, however, was overwhelming that there was no contributory negligence. (3) The criticism offered to the court's amendment of appellant's instruction, numbered 5, is unworthy of notice. The amendment was proper, and the instruction has the same meaning with the amendment that it had before, and in no sense adds to or takes from it.

ELLISON, J.—This action is for injuries done to the plaintiff and his property. He obtained judgment below. On Twelfth street in Kansas City, Missouri, there is an approach to a viaduct, extended west along Twelfth street about ——— hundred feet up to the point where it reaches the viaduct proper. The viaduct itself extending thence on in a northwesterly direction over lots and blocks to a point in the state of Kansas. The approach was wooden, while the viaduct was iron. In the first part of November, 1887, there was a fire at the stock-yards stable which communicated to the approach and so injured it as to render it unsafe for travel. Plaintiff who was the owner of a wagon, team of horses and

harness attempted to drive up the approach on November 18. After getting up, perhaps, half way to the viaduct proper, the structure gave way, precipitating plaintiff, his wagon and team to the ground, whereby his horses were killed, his other property practically destroyed and himself injured.

Contributory negligence was pleaded and submitted to the jury. Among other instructions on this head asked by defendant, the following was given: "5. If the jury believe from the evidence, that, prior to the time plaintiff drove upon said viaduct, there had been a fire that had weakened said viaduct and made it unsafe and dangerous, and if you further find from the evidence that by the exercise of ordinary care the condition of said viaduct could have been seen by plaintiff before driving upon the same *in time to have avoided the injury*, then your verdict will be for the defendant, the City of Kansas."

The italicized words were interlined by the court over the objection of the defendant. The words should not have been added. Plaintiff broke through a considerable distance up the approach, and, if he could have seen the defective condition of the approach before driving onto it, it would have been enough, and no question could exist about whether it was in time to have avoided the injury. He should not have driven upon it at all. The instruction as amended has a tendency to confuse. Whether we would consider this as sufficiently harmful to work a reversal, we need not say, as in our opinion the following given for plaintiff on the measure of damages is sufficient to overturn the judgment: "If the jury find for the plaintiff, they have a right, in estimating his damages, to take into consideration the loss of property he sustained, if any ; the loss of time occasioned thereby, if any ; the expense of nursing and medicine he was put to, if any ; the personal injury he received, if any ; and any physical pain and mental suffering, if any, he endured consequent upon such

injury, and award him fair compensation therefor, not exceeding the sum of $2,500." This instruction directs the jury to allow damages for the loss of time occasioned by the loss of the wagon and team. Loss of time occasioned by plaintiff's personal injury is a proper element of damage; but loss of time occasioned by the loss of his property is not. The measure in such case is the value of the property with interest. Counsel concede this, but have contended that the instruction could not have done injury to defendant. We cannot assume this, as the clear language of the instruction introduces an illegal element of damage, and authorizes its allowance.

II. Defendant's counsel has urged that the city is not liable for an injury on this approach, the structure, as he insists, not having been built or adopted by the city. There was testimony tending to show that it was constantly used by the public, yet it does not sufficiently appear who built it, or for what purpose, or when. Nor is it shown under whose charge or supervision it was, nor where it led, or where it terminated. All these matters are necessary to a full understanding of the case. The city would be liable for permitting an obstruction in a street over which one might fall, whether it placed the obstruction there, or merely permitted it to be there. But this is not such a case. Plaintiff was not injured in that way. He knew of this obstruction in the street, and was using it as a means of passing. There is not enough before us to go into this question, and we do not wish to be understood as expressing an opinion either way.

The judgment is reversed and the cause is remanded. All concur.