M. HOFFMAN, Respondent, v. THE METROPOLITAN STREET RAILWAY COMPANY, Appellant.

### Kansas City Court of Appeals, November 14, 1892.

1. **Evidence:** FACT: CONCLUSION: HARMLESS ERROR. Certain questions as to whether defendant's gripman could see plaintiff's team on the railway track are *held* proper in this case, and that the variation of the questions did not render them improper so long as they called for a fact and not a mere guess or conclusion; and if their admission is error it is harmless, since the gripman testifies that he saw the team approach and enter upon the track.

2. ———: ———: ———: ———. Though a witness' answer is a conclusion and improper, it will only constitute harmless error, where subsequent witnesses without objection testify to facts that make out the conclusion.

3. ———: EXPERT OPINION ON NON-EXPERT MATTER: HARMLESS ERROR. The question, "How soon at this point could a gripman in the proper discharge of his duty stop a car," is *held* error; but as the answer was harmless it was not reversible error, and the more so as appellant's own witness in answer to a properly framed hypothetical question testified to the same effect.

4. ———: OPINION, WHEN HARMLESS. Though it is likely true the opinion of a person on a train should not ordinarily be received in evidence as to its speed, yet no harm can arise when there was other unexceptionable evidence to the same effect.

5. **Damages:** MEASURE OF: INJURED WAGON: EVIDENCE TO SUPPORT INSTRUCTION. An instruction declaring the measure of damages for an injury to a wagon was the difference in value of the wagon immediately before and after the injury and a reasonable sum for the loss of the use of the wagon for a time reasonably necessary to repair the same. *Held*, correct, and that in this case there was evidence to support it.

6. **Practice, Appellate:** ERROR, MATERIAL. An appellate court cannot reverse unless the error materially affects the merits of the action, or an erroneous instruction injures.

7. **Damages:** MEASURE OF: CHATTEL, INJURED OR DESTROYED. Where a chattel is merely injured the measure of damages is the average or usual value of the chattel during the time the plaintiff loses the use of it, but when the chattel is destroyed the measure is the value of the property and interest.

*Appeal from the Jackson Circuit Court.*—HON. JAMES
GIBSON, Judge.

AFFIRMED.

*Chas. E. Pratt* and *Pratt, Ferry & Hagerman,* for
appellant.

(1)   The court below erred in permitting witness
Amien to  testify that there was nothing to have pre-
vented the gripman from seeing the wagon. *Hardenburg
v. Cockraft,* 5 Daly, 79; *Winters v. Railroad,* 39 Mo. 468;
*Gavisk v. Railroad,* 49 Mo. 274; *Reid v. Ins. Co.,* 58
Mo. 421; *Eubanks v. Edina,* 88 Mo. 650; *Gutridge v.
Railroad,* 94 Mo. 468; *Walton v. Railroad,* 40 Mo. App.
544; *Naughton v. Stagg,* 4 Mo. App. 271; Lawson on
Opinion Evidence, 564, *et seq.; Marcott. v. Railroad,*
49 Mich. 101; *Eskridge v. Railroad,* 12 S. W. Rep.
(Ky.) 580; *Railroad v. Watson,* 7 S. Rep. (Ala.) 813;
*McKnight v. State,* 6 Tex. App. 158.   (2)   The court
below erred in permitting witness Wills to testify as to
what effect the team that drove down in front of
Hoffman's team had on Hoffman's team. *Marshall v.
Bingle,* 36 Mo. App. 126; *Fay v. Bennett,* 3 Bosw. 200;
*Law v. Scott,* 5 H. & J. 438; *Smith v. Sherwood,* 62
Mich. 159.   (3)   The court below erred in permitting
witnesses, Williams and Kirk, to testify as to how soon
a gripman, in the proper discharge of his duty, could
stop the car.   *Oleson v. Tolford,* 37 Wis. 327; *Gavisk v.
Railroad,* 49 Mo. 274; *Buxton v. Potters' Works,* 121
Mass. 446; *Mellor v. Utica,* 48 Wis. 457; *Grippin v.
Town of Wilson,* 43 Wis. 509; *Hopkins v. Railroad,* 78
Ill. 32; *Railroad v. Ryals,* 11 S. E. Rep. (Ga.) 499.
(4)   The court below erred in giving instruction 3 at
the request of the plaintiff.   It allowed plaintiff to
recover for the loss of the use of the wagon for the time

necessary to repair the wagon, when there was no evidence as to how long a time was necessary to repair the wagon; and, further, it does not state the proper measure of damages. *Dunn v. Railroad,* 21 Mo. App. 188; *Erhert v. Railroad,* 70 Iowa, 353; *Reed v. Railroad,* 57 Iowa, 23; *Stafford v. Oskaloosa,* 57 Iowa, 748; *Parkhurst v. Masteller,* 57 Iowa, 474; *Gardner v. Railroad,* 68 Iowa, 588; *Churchman v. Kansas City,* 44 Mo. App. 665. (5) It was error to permit the witness Proem to testify as to the speed of the car. His opinion was not admissible. *Railroad v. Huntley,* 38 Mich. 537.

*Beebe & Watson,* for respondent.

(1) The witness Amien was asked what obstructions there were on Union avenue to prevent the persons operating the car from seeing the team going across the track. This was not asking for an opinion, but to state a fact. *Railroad v. Chewning,* 9 S. Rep. 458–461. (2) The second error urged is that the court erred in permitting witness Wills to testify what effect the team that drove down in front of Hoffman's team had upon Hoffman's team. This was competent to show the driver was not guilty of contributory negligence as charged in defendant's answer. *Railroad v. Chewning, supra.* (3) The third assignment of error is that the hypothetical question put to witnesses, Williams and Kirk, was improperly put. *First.* The question does not call for an opinion of the witness, whether the gripman exercised proper care. *Second.* This objection is not tenable, because where a hypothetical question has been improperly allowed, because not including certain facts which should have been embraced in it, the error is cured if the cross-examination has supplied the omission, and placed before the witness all the

facts necessary to the formation of an opinion. Rogers on Expert Testimony [2 Ed.] sec. 27; *Van Hoesen v. Cameron*, 54 Mich. 509; *Mercer v. Vore*, 67 N. Y. 58; *Stearns v. Field*, 90 N. Y. 640; *Turnbull v. Richardson*, 59 Mich. 413. Defendant, on cross-examination of both witnesses, brought out all the facts on which they based their opinion. (4) The fourth error urged for reversal of this cause is because the court below erred in giving instruction 3 as to the measure of damages. This instruction was proper. 1 Sedgwick on Damages, secs. 178, 195; *Iron Works v. Barber*, 106 Pa. St. 125; *Atchison v. Steamboat*, 14 Mo. 63; *Street v. Laumier*, 34 Mo. 469; *Johnson v. Holyoke*, 105 Mass. 80; *Gillett v. Railroad*, 8 Allen, 560; *Monroe v. Latten*, 25 Kan. 354. Defendant's fifth objection is that it was error to permit witness Proem to testify as to the speed of the car. This was not error. *Railroad v. Huntley*, 38 Mich. 537; *Railroad v. Steinberg*, 19 Mich. 99; Rogers on Expert Testimony [2 Ed.] sec. 104.

SMITH, P. J.—This was an action brought by plaintiff against defendant before a justice of the peace, to recover damages for negligently running its cable train against plaintiff's wagon. The plaintiff had judgment in the circuit court, and defendant has appealed.

During the progress of the trial a number of exceptions were taken by defendant to the action of the court in the admission of evidence, which constitute, in the main, the grounds of its appeal.

The first of these is, that the trial court erred in permitting a number of witnesses for plaintiff to answer the question, whether or not there was anything to hinder or prevent the gripman, in charge of defendant's car, from seeing plaintiff's team on the railway track. The defendant contends that this question called upon the witness to make a mere guess, rather than to state

a fact. We cannot sustain this contention. We can well see how the gripman's view of an object on the track around a curve might be obstructed by an intervening wall, building or other impediment. And a witness knowing the fact might testify to its existence, and in doing so he would not be required to make a guess or state a bare conclusion.

This question was somewhat varied in the form in which it was propounded to the several witnesses. Some of them were asked to state, if the gripman had been looking, was there anything in the way to prevent him from seeing the plaintiff's wagon on the track. We do not think this variation of the question rendered it improper. If, however, these questions called for testimony to no fact, but for a mere guess or conclusion of the witness, yet the defendant was not prejudiced thereby, for the reason that the defendant's own gripman testified "that the team was not on the track when I first saw them, they were approaching the track; * * * the team was just approaching the track, just started over the track. He had plenty of time to get across then; I thought that, and, consequently, did not stop."

Since the defendant's gripman testified that he did see the plaintiff's team and wagon approach and enter upon the track, certainly no injury resulted to the defendant by reason of the admission of the objectionable evidence tending in the same direction. The presumption of prejudice arising from the error, if such it was, was fully neutralized and overcome by the gripman's testimony.

The defendant further contends that the court erred in permitting the plaintiff to ask a witness, "What effect did the team have upon the plaintiff's team." The witness answered: "It cut him off from getting out of the way, I suppose." The answer of the witness

was the mere expression of a conclusion, and was manifestly improper, but since three witnesses testified, without objection, that the team drove in front of that of the plaintiff, and thus stopped the latter on the railway track, the conclusion to that effect of the witness was not prejudicial to defendant.

The defendant further insists that the trial court committed error in permitting the plaintiff to ask of a witness, a gripman on another road, the question, "How soon at this point could a gripman, *in proper discharge of his duty, stop a car?*" The objection urged is that the *italicized* words of the question called for an expert opinion founded upon a matter of non-expertness. These words should not have been included in the hypothesis, and the objection made by defendant is well taken, and, were it not that the answer of the witness was harmless to defendant, we should feel called upon to disturb the judgment on that account. The witness answered the hypothetical question thus propounded to him by stating, "that if it was a good rail and no mud on it they ought to stop in eight to twelve feet if the brakes were in good order." The defendant's witness, the conductor in charge of the train which collided with plaintiff's wagon, testified in answer to a properly framed hypothetical question, that a train could be stopped in about ten to fifteen feet, so that there is nothing in the answer of the plaintiff's witness which was injurious to defendant in any way.

The defendant objects further that the court allowed the witness Proem to testify that the car which collided with plaintiff's wagon was not running very fast. It is likely true that the opinion of a person riding on a train ordinarily should not be received in evidence as to its speed; yet it is not perceived that the answer of the witness in this case was of any moment, or calculated to prejudice the defendant, since

there was other unexceptionable evidence to the same effect.

The appealing defendant further contends that the plaintiff's third instruction, which told the jury, "If you find for the plaintiff, you will assess his damages at such sum as you believe, from the evidence, represents the difference between the value of his wagon immediately before and immediately after the collision, and a reasonable sum for the loss of use of same (if any), for a reasonable period of time, as shown by the evidence in the case, necessary to repair the same; in all not to exceed the amount claimed in the complaint," is erroneous. We do not understand that it is contended that this enunciation, as an abstract proposition of law, is incorrect, but that it finds no support in the evidence. The damages found by the jury amount to only $43. It is conceded that there was evidence shown that the reasonable cost of the repairs to the wagon was $35.55. The difference between this amount and that of the verdict is $7.45, which the jury must have allowed for the "use of the wagon for a reasonable period of time necessary to the repair of same." Was there any evidence to support the branch of the instruction just quoted? It is true the amount of the damages allowed by the jury for the use of the wagon may have been small; but, however insignificant, we cannot relieve this case from the familiar rules of law which require damages of this kind to be established by proof. Whether there is such proof must be determined by reference to the record before us. The only witnesses whose testimony in any way related to the question as to what was a reasonable period of time necessary to repair the plaintiff's broken wagon were Benjamine and Amien. The former testified that "it was about six weeks before we got the wagon back," and that "we got another wagon from

Mr. Kempel," for which "we paid seventy-five cents a day, just for working days." That the "reasonable worth of the wagon per day was from fifty cents to $1." The latter testified that "the wagon was not in use for six weeks. It took six weeks to get the wagon repaired; they had to send away for a new wheel. The wagon was made on Second and Grand avenue, and they didn't have that size."

The testimony of these witnesses, which was uncontradicted, not only shows the time that it was necessary to take in repairing the wagon; but the reason why it was necessary, so that it will not do to say there was no evidence of the reasonableness of the period of time the plaintiff was deprived of the use of his wagon, and was in the meanwhile obliged to hire another. Nor will it do to say there was no evidence tending to prove the reasonable value of the daily use of the hired wagon, because the witness stated it to be from fifty cents to $1, when the jury must have found it to be of much less value. Though the jury found that the worth of the daily use of the hired wagon was much less than they might have found under the evidence, still was this error, or, if so, was it prejudicial to the defendant? Manifestly, the error, if such it be, was in favor of the defendant, and of this he cannot complain.

We are forbidden, by the express terms of the statute, section 2302, to reverse a judgment, unless it appears that error has been committed materially affecting the merits of the action. Nor are we authorized to reverse a judgment on account of an erroneous instruction, unless the party complaining was injured thereby. *Parton v. McAdow*, 68 Mo. 327; *Hicks v. Railroad*, 68 Mo. 329.

The defendant further contends that the measure of damages announced by said instruction is wrong, in

that it allows the plaintiff to recover for the difference in the value of the property before and after the injury, and also for loss of use thereof. The rule is elemental that, when the defendant wrongfully injures the plaintiff's chattel, the measure of damages is the average or usual value of the chattel during the time the plaintiff loses the use of it. 1 Sedgwick on Damages, sec. 195; *Street v. Laumier*, 34 Mo. 469; *Erie Iron Works v. Barber*, 106 Pa. St. 125; *Johnson v. Holyoke*, 105 Mass. 80; *Monroe v. Latten*, 25 Kan. 354. But, whenever, as in *Churchman v. Kansas City*, 44 Mo. App. 665, the action is for the immediate destruction of the property, the measure of damages is the value of the property and interest. Sedgwick on Damages, 178; *McKnight v. Ratcliff*, 44 Pa. St. 156. The rule, therefore, embraced in defendant's contention has no application to a case like this, where the property was only injured and not destroyed.

It follows, from these considerations, that the judgment must be affirmed. All concur.