CUNNINGHAM, Respondent, v. DICKERSON, Appellant.

### St. Louis Court of Appeals, February 16, 1904.

1. **Justices of the Peace: Statement of Complaint.** Where all the facts essential to a recovery are to be gathered from the complaint, it is a sufficient statement of a cause of action, in a suit brought before a justice of the peace.

2. **Measure of Damages: Overdriving Horses.** In an action for damages caused by overdriving a team let to the defendant for hire, where the injuries to the team are permanent, the proper measure of damages is the difference between the value of the team immediately before and immediately after the injury, and the reasonable expenses incurred and value of time spent in endeavoring to effect a cure.

Appeal from Texas Circuit Court.—*Hon. L. B. Woodside,* Judge.

AFFIRMED.

*Govert & Govert* and *G. A. Watson* for appellant.

The petition states no cause of action in that it does not allege that plaintiff was the owner of the team alleged to have been damaged. We think this allegation

an essential one even under the loose pleadings permissible in a justice's court. The supreme court lays down the rule that in cases like this, the measure of damage is the expense incurred by plaintiff in curing the horse of his injuries; the loss of time of said horse whilst so injured and the difference, if any, in the value of the horse now by reason of the injury, and the value of the horse before the injury. Street v. Laumier, 34 Mo. 469; Shaw v. M. and K. Dairy Co., 57 Mo. App. 521.

*Lamar, Barton & Lamar* for respondent.

(1) The petition is in an approved form. Kelley's New Treatise (Ed. 1890), sec. 67, form 12. And is sufficient under numerous rulings of our court. Johnson v. Moffett, 19 Mo. App. 159; Strathman v. Gorla, 14 Mo. App. 1; Allan v. McMonagle, 77 Mo. 478. Even if the case had originated in the circuit court, defendant can not now complain because he went to trial, the evidence as to ownership is undisputed and was admitted without objection. The complaint could have been amended in the court below and will be treated as amended here. Sawyer v. Railroad, 156 Mo. 477. (2) The instruction complained of correctly declares the measure of damages. Dietrich v. Railroad, 89 Mo. App. 36; Hoffman v. Railroad, 51 Mo. App. 279.

BLAND, P. J.—The suit was begun before a justice of the peace where the following complaint was filed:

"Plaintiff for cause of action states that on the thirteenth day of May, 1901, he let to the defendant a certain team of horses, for hire, and that defendant, contrary to his duty, drove the horses immoderately and kept them negligently, whereby said horses became sick and permanently diseased. That plaintiff has wholly lost the services of said horses, from the said thirteenth day of May, 1901, to the present time; that plaintiff has

expended in doctoring said horses the sum of five dollars; wherefore plaintiff has sustained damages in the sum of fifty dollars.''

The cause was taken by appeal to the circuit court of Texas county where on a trial *de novo,* plaintiff recovered a judgment for forty-five dollars. Defendant duly appealed to this court.

For a reversal of the judgment, appellant assigns two errors. First, that the complaint filed before the justice, and on which the cause was tried in the circuit court, fails to state any cause of action. Second, that the court erroneously instructed the jury as to the measure of damages. The defendant was notified by the complaint that plaintiff claimed that on May 13, 1901, he let the defendant a team of horses; that defendant negligently overdrove said team of horses and permanently injured them; that plaintiff had paid out five dollars for doctoring the horses, and that he demanded judgment for fifty dollars for permanent damage to the horses, and his expense in doctoring them. All the facts essential to a recovery are to be gathered from the complaint, and the defendant was fully notified by the complaint of these facts. Under all the authorities this was sufficient to constitute a good complaint in a suit brought before a justice of the peace. Allen v. McMonagle, 77 Mo. 478; Strathmann v. Gorla, 14 Mo. App. 1; Johnson v. Moffett, 19 Mo. App. 159.

The instruction complained of is as follows:

''The court instructs the jury that if you believe and find from the evidence, that the plaintiff was the owner of and hired the team of horses, stated in complaint, to the defendant to drive from Cabool to Houston, Missouri, and that the defendant drove said team unreasonably fast and by such unreasonable driving of said horses permanently injured the same, you will find the issues for the plaintiff and assess his damages at such sum as you may find from the evidence said horses were damaged by such unreasonable driving

not to exceed forty-five dollars. If you find the plaintiff is entitled to recover, under the above instructions, the measure of damages would be the difference in the value of said team immediately before and immediately after such driving, provided such difference was caused by such unreasonable driving by the defendant, not to exceed the sum of forty-five dollars.''

The evidence in the case is overwhelming and not substantially denied by the defendant, that he, not negligently, but recklessly, overdrove plaintiff's horses. In respect to the injury resulting from the abuse of the team, the evidence tends to show that the horses were thereafter stiff and unfit for use for more than three weeks and that their legs were swollen and continued to swell from time to time long afterwards and until plaintiff parted with them; that they were worth sixty dollars less when returned by defendant than when let to him. There was no evidence as to the value of the services of the horses for the three weeks they were totally unfit for use, and no evidence that plaintiff paid five dollars or any other sum for doctoring the horses. When property is not entirely lost or destroyed but only impaired in value, the measure of damages is the difference between the value before the injury and immediately thereafter and the reasonable expense incurred or value of time spent in reasonable endeavor to preserve or restore the property injured. 1 Field on Damages, p. 621; Dietrich v. Railway, 89 Mo. App. 36; Hoffman v. Railway, 51 Mo. App. 273. In Streett v. Laumier, 34 Mo. 469, it was ruled that the measure of damage in this character of case ''will be the expenses of curing the horse of his injuries, the value of his services while being cured, and the difference between the value of the horse before the injury and after the cure.'' This case is approvingly cited in Shaw v. Dairy Co., 56 Mo. App. l. c. 525. When a cure has been effected the correct rule as to the measure of damages is the one stated in Streett v. Laumier, supra. But where the injury is permanent

it seems to us the correct rule, is as stated by Field in his work on damages and approved in the Dietrich case. Harrison v. Railway, 88 Mo. 625.

The instruction complained of is in accord with this rule and we think was proper under the evidence in the case.

The judgment is manifestly for the right party and is affirmed. *Reyburn* and *Goode, JJ.,* concur.