W. H. GILWEE, Respondent, v. PABST BREWING COMPANY, Appellant.

Kansas City Court of Appeals, March 5, 1917.

1. **AUTOMOBILES: Instructions: Damages.** An instruction which tells the jury, that if they find for the plaintiff, they will allow him the difference between the reasonable market value of the car just before the accident and immediately thereafter; also, all reasonable expenses incurred by plaintiff in restoring the property injured, is erroneous, because to permit one to recover for both the difference in the market value of the car before and after the accident and the cost of restoring or repairing the automobile would permit a recovery of double damages.

2. **DAMAGES, MEASURE OF: Automobiles.** One suffering damages to his automobile resulting from a collision is entitled to recover the expense of restoring or repairing the same, the expense of reassembling its parts and towing the car to the garage, storage while attempting to dispose of it, and damages for the loss of its use for a reasonable period of time until the car should have been repaired.

Appeal from Jackson Circuit Court.—*Hon. Daniel E. Bird,* Judge.

REVERSED AND REMANDED.

*Wilkinson & Wilkinson* for appellant.

*E. A. Scholer* for respondent.

BLAND, J.—As the result of a collision between an automobile belonging to plaintiff and one belonging to defendant, plaintiff in the circuit court recovered a judgment for three hundred and eighty-six ($386) dollars for damages to his said automobile. The case arose in a Justice court, and in plaintiff's statement filed therein he claimed damages in the sum of four hundred dollars for depreciation in the market value of his said car on account of said accident, two hundred, sixty-six and 75/100 ($266.75) dollars for the necessary expense to repair said car; seven ($7) dollars per day for loss of the use of the car; and for expenses necessary to preserve it. At the trial in the circuit court the testimony shows that plaintiff paid out seven and 50/100 ($7.50) dollars for reassembling the parts of the car after the accident and hauling the car and parts to a garage; that he incurred a garage bill of fifteen ($15) dollars, being for three months storage on his car while he was attempting to dispose of it, and that it would have cost plaintiff two hundred, sixty-six and 75/100 ($266.75) dollars to repair his said car.

Appellant complains of an instruction given on behalf of plaintiff wherein the jury were told that if they found for plaintiff they might allow him the difference between the reasonable market value of the car just before the accident and immediately thereafter; also all reasonable expenses incurred by plaintiff in a reasonable effort to preserve or *restore* the property injured. Appellant claims that the instruction was improper because if plaintiff recovered the difference between the reasonable market value of the car immediately before the accident and immediately thereafter, he could not also recover the amount that it would have cost to restore the property, or, in other words, the amount that it would cost to repair the car.

Plaintiff was entitled to recover the difference in the reasonable market value of the car immediately before the accident and immediately thereafter. As it was the duty of plaintiff to use reasonable diligence in an

effort to protect the property so as not to aggravate the damage, he was also entitled to recover the expenses of preserving the automobile from further injury, to-wit, the seven and 50/100 ($7.50) dollars for reassembling the parts after the accident and towing the car to the garage, and fifteen ($15) dollars for three months' storage of the automobile incurred while he was attempting to dispose of the same. Plaintiff, if he had asked for it in his instructions, was also entitled to damages for the loss of use, if any, of the car for a reasonable period of time until the car could have been repaired. [Hoffman v. Met. St. Ry. Co., 51 Mo. App. 273; Carter v. Rd., 128 Mo. App. 57; Dammann v. St. Louis, 152 Mo. 186; Doty v. Rd., 136 Mo. App. 254; Berry on the Law of Automobiles (2 Ed. 1916), section 547.]

In a case like the one before us, in measuring the damages to an automobile, the basic rule is just compensation for the actual loss sustained, and, therefore, plaintiff was not entitled to recover for the difference in the market value of the car immediately before the accident and immediately thereafter, and, in addition, the cost of repairing the automobile so as to make it, as near as possible, as good a car as it was before the accident, for to permit him to make both of such recoveries would be contrary to the rule that in a suit for damages one cannot be compensated twice for the same loss.

Plaintiff was entitled to recover the difference in the reasonable market value of the automobile immediately before the injury and immediately thereafter, the cost of preserving the car, and loss of use, if any, of the car for a reasonable period of time until it could be repaired; or for a reasonable repair bill and the amount, if any, of the deterioration of the repaired car, being the difference in the reasonable market value of the car immediately before the accident and the reasonable market value of the same after it had been repaired, and also for the cost of preserving the car and for loss of use, if any, of the same for a reasonable period of time

while it could have been repaired, but he could not recover for both. [Davidson v. Rd., 98 Mo. App. 142; Hoffman v. Met. St. Ry. Co., supra; Berry on Law of Automobiles, sections 547 and 550, supra; Babbitt on the Law applying to Motor Vehicles, section 1010 (1911).]

Where an animal has been injured but such injury does not result in its death, the rule is that plaintiff may recover the amount that is required to protect and cure the animal, and for loss of services of the animal, if any, while the same is being cured, (Streett v. Laumeier, 34 Mo. 469; Cunningham v. Dickerson, 104 Mo. App. 410); and that plaintiff may recover either for the difference in the reasonable market value of the animal immediately before the injury and immediately thereafter, together with the reasonable expenses incurred, or value of time spent in reasonable endeavors to preserve and cure the injured animal, and loss of use, if any, of the services of the animal for a reasonable period of time until it could be cured; or he may recover the difference between the reasonable market value of the animal before the injury and after the cure, together with the reasonable expenses incurred, or value of time spent in reasonable endeavors to preserve and cure the animal injured, and the loss of services of the animal for a reasonable period of time until it could be cured, but he cannot recover for both. [Field on Damages, section 782; Streett v. Laumeier, supra; Cunningham v. Dickerson, supra.]

In case the injury to the animal results in its death, plaintiff may recover the reasonable market value of the animal, together with the reasonable expense incurred, or the value of time spent in reasonable efforts to preserve before death the animal injured. [Harrison v. Mo. Pac. Ry. Co., 88 Mo. 625.]

In the Harrison case plaintiff's cow was killed and it was held that in addition to the market value of the cow, plaintiff could recover the reasonable expense he incurred or value of time spent in reasonable endeavors to preserve or restore the cow. The word "restore" as well as the word "preserve" are used in the opinion,

but under the facts in that case we do not see the difference between the words, as preserving, curing or restoring such cow would be one and the same thing. Applying the word "restore" as it is used in the case before us, an automobile case, it means something more than the preservation of the car. Webster defines the word "restore" as "To bring back to its former state," so "restoring" an automobile might be more than merely a preservation of it, as to restore it would be to bring it back, as near as possible, to its former state. In other words, the expense of restoring a car would include repair bills. We, therefore, hold that the instruction complained of was error.

Respondent contends that the undisputed evidence shows that the verdict was under the amount shown to be the difference between the reasonable market value of the car immediately before the injury and immediately thereafter, together with the amount of towage and garage charges, and for these reasons the instruction complained of is not erroneous, because plaintiff was entitled to the amount of the verdict regardless as to the question of the restoration or repairing of the car. Without conceding that were these facts true, the result would be as claimed by respondent, an examination of the Record shows that there was a great deal of testimony tending to show plaintiff's damage, and that the matter was approached from all standpoints, in that plaintiff showed the reasonable market value of the car immediately before the injury and immediately thereafter, and what it would cost to repair the car. In addition, there was evidence tending to show what the repairs actually cost the person who bought the car from plaintiff. From all the evidence we cannot say that the verdict was under the amount shown to be the difference between the market value of the car immediately before the injury and immediately thereafter, together with the cost of towage and garage.

The judgment is reversed and the cause remanded. All concur.