A. D. PUGH, Appellee, v. QUEAL LUMBER COMPANY, Appellant.

**TRIAL:** Instructions—Positive Statement as Nonassumption of Fact.
1 An instruction which apparently states a positive fact may, nevertheless, demonstrate that it is only a statement of what the pleader claims the fact to be.

**DAMAGES:** Loss of Use of Automobile. The owner of an automobile,
2 who is permitted to recover the difference between the value of the machine immediately before and immediately after a wrongful in-

jury thereto, may not also recover the *value of the use* of the machine while it was being repaired.

**APPEAL AND ERROR:**   Presumptions—Improper Cross-Examination.
3   Whether cross-examination was undue and unallowable cannot ordinarily be determined on appeal unless the direct examination is substantially set forth in the abstract.

*Appeal from Des Moines Municipal Court.*—T. L. Sellers, Judge.

MAY 9, 1922.

ACTION to recover damages for injury sustained by appellee in a collision of appellee's automobile and a truck owned by appellant.   Trial to a jury, resulting in a verdict in favor of plaintiff.   Judgment was entered on the verdict, from which defendant appeals.—*Affirmed on condition.*

*B. O. Montgomery,* for appellant.

*A. D. Pugh* and *C. S. Cooter,* for appellee.

ARTHUR, J.—For consideration of the errors assigned and relied upon for reversal, it is necessary only to make a skeleton statement.

Plaintiff alleged that his wife, Harriet Pugh, was driving his Chalmers car west on Grand Avenue in the city of Des Moines, in the exercise of due care, and while at the Twenty-eighth Street intersection, appellant's truck, going north on Twenty-eighth Street, struck the front end of appellee's car, damaging the car to the extent of $630; that the collision and consequent injury to appellee's car were caused by the negligence of appellant's employee, in operating its truck.   Appellee alleged that he expended $140 for repairs on his car after it was injured, and further alleged that to restore the car to its condition immediately before the accident would cost $450, in addition to the amount already expended for repairs.

Appellant denied negligence and liability for the injury to appellee's car.

The case was submitted to a jury, and a verdict was returned in favor of the plaintiff in the sum of $433.87. Motion for a new trial was overruled, and judgment was entered on the verdict against the defendant, from which this appeal is prosecuted.

Three errors are assigned and relied upon for reversal.

I. In Assignment of Error No. 1, appellant complains of the statements of plaintiff's cause of action by the court in the instructions. Plaintiff alleged that he expended $140 in necessary repairs to his car, to make it at all usable, and that:

1. TRIAL: instructions: positive statement as non-assumption of fact.

"To buy and put in said car new fenders, radiator, and to repair frame, damage to crank shaft, transmission and driving mechanism, and other damages caused by said collision, and restore said car to its condition immediately before said collision, will cost, at reasonable prices and values, $450, in addition to the repairs already made on said car."

In stating the case to the jury, the court used this language: "That he had to buy and put in said car" the parts above mentioned, "to restore said car to its condition immediately before said collision, at the reasonable price of $365." Immediately following such statement, the court covered the same matter in another way, following the statement in the petition "that the reasonable value of the repairs of said car which would be necessary to restore it to its condition immediately before said collision, included in said repair, parts, labor, and merchandise, is $450, in addition to the repairs already made on said car."

Appellant's attack on the court's statement is that the court told the jury that the plaintiff had expended for repairs $140, and also $365, when it appears without dispute that the amount actually expended for repairs was $140 only. While the court was rather unfortunate in using the language, "he had to buy and put in said car," etc., instead of saying, as the petition does, "that to buy and put in said car," etc., we think the jury was not misled, and must have understood the true state of the record. From the wording of the instruction preceding the clause complained of, it is clear that the court was

not telling the jury what the facts were, but was stating to the jury what was claimed by the plaintiff to be the facts: that is, the statements did not purport to state what plaintiff had proven, but only what he claimed. The proof on this point was so perfectly clear that we think the jury could not have been misled. The proof showed that plaintiff had only expended $140 at the time, and that it would be necessary to expend for parts about $298, plus about $150 for labor in putting them in. These three items aggregate approximately $588. In addition to these items the plaintiff offered testimony to prove that he had been deprived of the use of his car while repairs were being made, five days, and that he would be out of the use of it seven days, while new parts necessary to restore it were being put in, and that the use of the car was worth $5.00 per day, and that he had spent two days of his own time looking after its repair, and that his time was worth $12.50 per day, making $60 for loss of use of the car and $25 for his own time, which, added to the above item, makes $673. Deducting $15 for parts included in repairs, leaves $658 damages, which plaintiff offered testimony to prove; and this evidence was undisputed by the defendant. The plaintiff had claimed only $630 in his pleadings. The verdict was for $433.87. It is quite evident that the jury did not consider any extra item of $365. We think there is no reversible error in the instruction.

II. In Assignment No. 2, appellant finds fault with the instruction on the measure of damages, in part. The court told the jury to measure the damages by the difference between the value of the automobile immediately preceding the accident and the value of said automobile just after the accident. No fault is found with the instruction thus far. The court further authorized the jury to allow plaintiff for the reasonable value of his own time spent in the care of the automobile, caused by the accident, and also the reasonable value of the use of the automobile during the time he was deprived of its use while it was being repaired, with ordinary diligence. Appellant's only criticism of the instruction is as to the value of the loss of the use of the car while it was being repaired. Appellant's position is that, where the dam-

2. DAMAGES: loss of use of automobile.

ages caused by injury to the car are measured on the theory of the difference between the values before and after the injury, the damage which is the amount of this difference cannot be increased by the value of the loss of the use of the car while it is being repaired.

The general rule for the determination of damages to personal property is that the owner shall receive fair and reasonable compensation for the injuries sustained by him. It is the general rule in most jurisdictions that, where an automobile is injured, but not totally destroyed, the measure of damages usually adopted is the difference between the market value before the injury and the market value immediately after the injury. Also, the reasonable value of repairs to an injured automobile is frequently considered the proper measure of damages for the injury. As said in *Lonnecker v. Van Patten* (Iowa), 179 N. W. 432 (not officially reported):

"Ordinarily, there would not be any material difference between the value before and after it [an automobile] was injured, and the actual cost of the repairs required to return it to its former condition: that is, the difference in value before and after would be the amount that it would cost to repair it and return it to its former condition."

Conflicting decisions have been made in different jurisdictions when, by reason of an injury to plaintiff's automobile, he is deprived of the use thereof for some time, as to the damages which he shall be allowed, to compensate him for such loss. The Kentucky court holds that the owner of a commercial truck or machine is entitled to recover, as an element of his compensatory damages, the usable value of the truck during the time reasonably necessary for repair, when he is unable to use the same. *Southern Railway v. Kentucky Grocery Co.*, 166 Ky. 94 (178 S. W. 1162).

In some jurisdictions, a distinction is drawn between the use of a business car and the use of a pleasure car, and it is held that the owner is entitled to the usable value of a business machine as an element of damages, but is not entitled to recover damages for the loss of the use of an automobile which is used merely for pleasure purposes. *Hunter v. Quaintance*, 69 Colo.

28 (168 Pac. 918). In New York, the loss of the use of a machine is not allowed unless the machine is used for business purposes, or unless the owner procure another to take its place during the time it is out of order.

In other jurisdictions, the usable value of the machine is allowed as an element of damages, regardless of the purpose for which it is used. *Cook v. Packard Motor Car Co.*, 88·Conn. 590 (92 Atl. 413). The Illinois court holds that, when the injured machine can be repaired, the owner is entitled to the value of the repairs, together with the value of the use of the machine while the repairs are being made; but, if the machine cannot be repaired, the measure of damages is only the difference between the value before and after the injury. *Crossen v. Chicago & Joliet Elec. R. Co.*, 158 Ill. App. 42; *Latham v. Cleveland, C. C. & St. L. R. Co.*, 164 Ill. App. 559. The Missouri court holds likewise. *Gilwee v. Pabst Brew. Co.*, 195 Mo. 487 (193 S. W. 886).

III. In Assignment No. 3, appellant claims error because witness Frank Beehrle, called by appellant, was permitted to answer, on cross-examination, the question:

**3. APPEAL AND ERROR: presumptions: improper cross-examination.** "Would you say that truck would be under control, going on the traveled street on Grand Avenue at that point even at twelve miles an hour, without cinders or something to stick to that ice?"

The objection made and overruled was, "Not proper cross-examination, and calling for conclusion of the witness." The answer given was:

"I think it could stop all right without the cinders, because across Grand Avenue it slopes a little."

Whether ·it was cross-examination or not, we are unable to say definitely. The record does not disclose the testimony of the witness on direct examination, or any part of it. Only the above question and answer on cross-examination appear in the record. Under that situation, we will not assume that it was not proper cross-examination. We would infer that the witness was called and examined in chief to show that the driver of the truck had the truck under control at the time of the

collision, and the answer would seem to be in favor of the appellant.

The further objection, that the interrogatory called for the conclusion of the witness, was not well taken. Ordinarily, conclusions may be called for and properly given on cross-examination.

IV. In so far as the court instructed the jury that, if it found that plaintiff was entitled to recover, the amount he would be entitled to recover would be the difference between the fair market value of his automobile immediately preceding the accident, and the fair market value of the automobile just after the accident, under the facts of the instant case, the instruction was correct; and as we understand counsel, such instruction is not seriously challenged. We are inclined to hold, and do hold, that the further instruction that the jury should also allow plaintiff for the reasonable value of the use of his automobile during the time he was deprived of its use while it was being repaired, with ordinary diligence, was erroneous. However, this error does not necessarily require a reversal of the case. Plaintiff's evidence, which was not disputed, showed the value of the loss of the use of the car during repairs to be $60. The error above pointed out may be cured by remittitur, if plaintiff so elects.

V. We find no reversible error in the record, except the error above pointed out. If plaintiff shall, within 30 days after this opinion is handed down, file a remittitur reducing the judgment in the amount of $60, making the judgment $373.87, instead of $433.87, the case will stand affirmed; and if such remittitur is not filed, the case is reversed.—*Affirmed on condition.*

STEVENS, C. J., EVANS and FAVILLE, JJ., concur.