JOHN SCHEVERS, Appellee, v. AMERICAN RAILWAY EXPRESS COMPANY, Appellant.

**TRIAL: Reception of Evidence—Objection—Waiver.** A general objection is waived when immediately followed by a specific enumeration of the reasons why the general objection is tenable.

**WITNESSES: Impeachment.** A witness who testifies that certain statements were made on a certain occasion may be impeached by testimony to the effect that said witness was not present on said occasion.

**DAMAGES: Measure of Damages—Injury or Destruction of Personal Property.** Testimony as to the value of an article before and after it was injured is admissible on the plea that said article was so badly injured that it could not be repaired.

**TRIAL: View and Inspection—Discretion.** Whether a jury shall be permitted to personally view the subject-matter of an action is discretionary with the court:

*Appeal from Lee District Court.*—JOHN E. CRAIG, Judge.

MARCH 6, 1923.

ACTION for damages resulting from a collision of one of appellant's heavy express wagons with appellee's automobile. Verdict and judgment for plaintiff. Defendant appeals.— *Affirmed.*

*Hughes & Dolan,* for appellant.

*James Hollingsworth* and *Hollingsworth & Blood,* for appellee.

STEVENS, J.—While appellee's Chandler touring car was parked at the curb on the south side of Main Street in the city of Keokuk, one of appellant's heavy trucks collided therewith, the endgate striking the left rear part of the body of the automobile, causing a dent which is variously described by the witnesses as from 18 inches long, a foot wide, and 6 inches deep, to 6 inches square and one-half inch deep. Other injuries to the car are claimed. As the evidence fully sustains the verdict of the jury, we omit the statement of further details of the accident.

Many alleged errors of the court in its rulings upon objections to testimony are assigned and argued by appellant. For the most part, the rulings of the court are clearly correct, and we shall not state or discuss them. Several witnesses offered as experts were permitted to testify as to the probable effect of the collision upon the alignment of the car. Some of this testimony was objected to by appellant upon the grounds of immateriality, irrelevancy, and incompetency, and that the question did not involve a correct statement of the facts. The specific reasons given were properly overruled, and appellant cannot rely upon the general objections interposed. *Farmers Merc. Co. v. Farmers Ins. Co.,* 161 Iowa 5. Other questions of a similar nature were permitted to be answered; but, taking the record as a whole, we think that the answers could not have been prejudicial, even if erroneous, which we do not decide. The opinion of the witness was generally a qualified one. The form of the questions was objectionable, but no objection was made thereto.

1. TRIAL: reception of evidence: objection: waiver.

Evidence was offered by appellee in rebuttal to disprove a conversation claimed to have been had by a witness with appellee, in which certain damaging admissions were alleged to have been made by him. This evidence tended

2. WITNESSES: impeachment. to show that the witness was not present upon the occasion referred to. It is argued by appellant that the rebuttal evidence was inadmissible, because it sought impeachment upon a collateral matter. It was certainly proper for appellee to offer testimony to show that the conversation did not occur, and one of the most effective modes of disproving it was to show that the conversation could not have occurred because the witness was not present.

After describing the condition of the car, several witnesses were permitted, over the objection of appellant, to testify to its value immediately before and immediately after the collision.

3. DAMAGES: measure of damages: injury or destruction of personal property. Appellee tried the case below upon the theory that the injuries to the car were of such a character that it could not be repaired, that a new box was required, and that it was so put out of alignment that it has not since worked well; and many other results of the accident are proved. The evidence was clearly admissible. *Pugh v. Queal Lbr. Co.,* 193 Iowa 924; *Lonnecker v. Van Patten,* (Iowa) 179 N. W. 432 (not officially reported).

Objections were sustained to certain questions propounded by appellant, on its own behalf, to an expert witness, seeking to elicit an opinion as to whether the dent in the rear of the car could be repaired. The ruling is correct. The witness answered that he could not tell without an inspection of the car. This he did not make. Other questions discussed by counsel for appellant touching the admissibility of evidence offered on behalf of the appellee are without merit. Much of the evidence to which objection is urged was clearly not prejudicial, and upon the merits of the case the facts were apparently fully shown.

At the close of the trial, appellant requested the court to permit the jury to inspect the automobile, which was at the time parked on the street near the courthouse. This request was

refused. Whether the court would permit the jury to view the car was peculiarly a matter of discretion. Section 3710, Code; *King v. Iowa Midland R. R. Co.*, 34 Iowa 458; *Clayton v. Chicago, I. & D. R. Co.*, 67 Iowa 238. This discretion was not abused in this case.

4. TRIAL: view and inspection: discretion.

The only other matters to be considered are the exceptions to the instructions and the refusal of the court to instruct as requested. Instruction 4 is unfortunately worded, but we think its meaning sufficiently clear. The court in this instruction defined the term "accident," and added that, unless the appellee had failed to prove by a preponderance of the evidence that the negligence of the driver of appellant's express wagon was the proximate cause of the injury complained of, the jury could not find that the damages were the result of a mere accident. Clearly, if the proximate cause of the damages was the negligence of the driver of appellant's wagon, appellant's theory that the collision was the result of a mere accident is unsound. The definition of the term "accident" as given by the court is at least substantially correct.

The criticism of Instructions 6, 7, and 8 is hypercritical and without merit. There is no reason to believe that the jury were misled or confused thereby. Like most instructions, they could have been correctly stated by the use of different phraseology, but this does not make them erroneous. In submitting the measure of damages, the court separately instructed the jury upon the theory of appellee that the measure was the difference between the value of the car immediately before and immediately after the accident, and upon the theory of the appellant that it was the reasonable cost of its repair and restoration to its former condition and appearance. Evidence was offered by the respective parties to sustain both theories. Appellant complains of these instructions and of the refusal of the court to give a requested instruction, submitting as the only measure of damages the cost of restoring the car to a reasonably good condition, and for the loss of the use thereof during the time it was being repaired. So far as the law is correctly stated in the requested instruction, it was substantially

embodied in the instructions given. *Pugh v. Queal Lbr. Co.,* supra; *Lonnecker v. Van Patten,* supra.

One of the disputed facts in the case was whether the car could be repaired. Appellant undertook to prove that it could, and appellee that it could not. It is claimed by appellee that the injury to the box could not be obliterated, and that a new box was necessary, to restore it to its former condition and appearance. The evidence is conflicting and irreconcilable, except as this may be said to have been accomplished by the verdict of the jury. Other rulings of the court are complained of. It is particularly insisted by appellant that the collision was the result of a mere accident. This contention is based upon the testimony of the driver of the car, and perhaps one other witness, that a difficulty was encountered by him in passing over the south track of the street railway company. This phase of appellant's case was one of the questions of fact for the jury.

We have examined with care the court's charge and all rulings complained of, and are abidingly satisfied that the record is free from prejudicial error. We reach the conclusion that the judgment of the court below must be, and it is,— *Affirmed.*

PRESTON, C. J., WEAVER and DE GRAFF, JJ., concur.