Juanita Lee ROOK, Plaintiff-Appellant,

v.

JOHN F. OLIVER TRUCKING COMPANY, Defendant-Respondent.

No. 38781.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Sept. 6, 1977.

---

John L. Woodward, Steelville, for plaintiff-appellant.

B. B. Turley, Rolla, for defendant-respondent.

WEIER, Judge.

This appeal represents the latest in a long series of legal proceedings arising out of a truck-automobile collision that occurred on December 11, 1971, in Hermann, Missouri. The collision occurred when the plaintiff's parked automobile was struck by the defendant's truck, which was rolling down an incline because its parking brakes had not been applied. The resulting damage rendered the plaintiff's car inoperable. Two months later, on February 15, 1972, at the request of defendant, the car was taken to a certain garage for repairs which were to be paid by defendant. This request came eight days after plaintiff had filed suit against the defendant alleging its negligence in causing the collision.

After default judgment against defendant, a motion to set aside judgment was filed. From an adverse ruling defendant appealed and on December 11, 1973, this court, in *Rook v. John F. Oliver Trucking Company*, 505 S.W.2d 157 (Mo.App.1973), decided that the defendant's motion to set aside judgment should have been sustained. This court remanded the cause, instructing the lower court to set aside the judgment and give the plaintiff her choice of accepting a new judgment for $2,000 ($1,500 for diminished market value of the car and $500 for loss of its use) or of proceeding anew on an amended petition as to all issues, on which the defendant would be able to plead and defend.

The plaintiff elected to have a new judgment entered for $2,000. This was done in the circuit court on September 18, 1974. The defendant on the same day had tendered and deposited with that court $850.39, stating that this sum, together with the $1,149.61 it had already paid for fixing the car, totalled the $2,000 owed the plaintiff. Believing she was still owed $1,149.61, the plaintiff, sought by execution to recover that sum.

On August 11, 1975, the execution was issued but was returned by the sheriff unsatisfied. On November 5, 1975, the plaintiff filed a motion for judgment against the surety on a bond which had been filed by defendant and the Fidelity and Deposit Company of Maryland in the sum of $10,000 as a delivery bond on a prior execution, apparently in accordance with Rule 76.27. The defendant filed, on September 1, 1976, a motion in opposition to plaintiff's motion for judgment against surety and sought to compel plaintiff to satisfy the judgment. The defendant contended the $2,000 judgment had already been satisfied by virtue of the $850.39 it had paid in to the circuit court and the $1,149.61 it had paid for the repair of the plaintiff's car. On December

6, 1976, the circuit court sustained the defendant's motion and ordered that the judgment be satisfied. The plaintiff duly appealed the court's order and it is that appeal that is now before us.

The plaintiff and the defendant agree on several points in this case. It is agreed that this court, in its earlier decision, allowed the plaintiff a judgment for $2,000, that portion of which allowing $500 for loss of use of the car not being in controversy. It is agreed that the defendant paid to the garage $1,149.61 for repairs done to the plaintiff's car. It is also agreed that the defendant paid the plaintiff $850.39 in damages, $500 for loss of use and $350.39 towards the $1,500 award for damage to the plaintiff's vehicle. What is not agreed on is whether the $1,149.61 payment to the garage can be credited against the $1,500 award as well, completely satisfying it.

The defendant contends that the only measure of damages allowed for a car damaged in a collision is the difference between the market value of the car immediately before the collision and its market value immediately after the collision and that this was the measure of damages proved at the hearing and represented by the $1,500 award. It also contends that because an injured party may have just one satisfaction for his injuries, the $1,149.61 payment for repairs to the car must be deducted from the $1,500 award for diminished market value as an advance payment under § 490.710 RSMo.Supp.1975. On the other hand, the plaintiff contends that the measure of damages proved at the hearing and represented by the $1,500 award was the difference between the market value of the car immediately before the collision and its market value immediately after the repairs were performed on the car. Since this measure of damages already gave the defendant credit for the repair bill payment, the plaintiff contends § 490.710 does not apply and no further deduction is allowable.

■ Section 490.710 RSMo.Supp.1975 speaks in absolute terms of deducting *any* advance payment of damages, made because of possible tort liability, from *any*

final settlement made or judgment entered in favor of an injured party. In reality, however, "the statute merely follows the general law that an injured party may have but one satisfaction for his injuries." *Taylor v. Yellow Cab Company,* 548 S.W.2d 528, 534 (Mo.banc 1977). The purpose of the statute, then, is to prevent a double recovery for one loss. It is true that a person whose car was damaged in a collision may not recover both for the difference between the market values of the car immediately before and immediately after the collision and for the cost of repairing the car, as that would constitute a double recovery. *Gilwee v. Pabst Brewing Co.,* 195 Mo.App. 487, 193 S.W. 886, 887[1] (1917). But it would not constitute a double recovery for such a person to recover both for the cost of repairing the car and for the difference between the market values of the car before the collision and after the repairs. *See, General Exchange Ins. Corporation v. Young,* 206 S.W.2d 683, 691[11] (Mo.App.1947), aff'd 357 Mo. 1099, 212 S.W.2d 396 (1948); *Gilwee v. Pabst Brewing Co., supra,* 193 S.W. at 887[1].

It is clear that when the plaintiff accepted the defendant's payment of the repair bill on her behalf, she recovered the cost of repairing her car. If she then sued for the difference between the value of her car before the collision and its value after the collision, § 490.710 would come into play to prevent her from getting a double recovery. But if she sued instead only for the difference between the value of her car before the collision and its value after the repairs, § 490.710 would not be preventing a double recovery and so would not be applicable.

■ The question, then, is which of these two market value differences did the plaintiff get an award for. The defendant first contends that the only measure of damages allowable in such an action as this is the difference between the market value of the car before the collision and its value after the collision. Although this is generally the proper measure of damages in an automobile collision case in Missouri, it is not the *only* measure of damages allowable; also

allowable are the cost of repairs and the difference between the market value of the car before the collision and its value after the repairs. *Winter v. Elder*, 492 S.W.2d 146, 148[3, 4] (Mo.App.1973); *Langdon v. Koch*, 393 S.W.2d 66, 69–70[5] (Mo.App. 1965); *General Exchange Ins. Corporation v. Young, supra* at 691[11]; *Gilwee v. Pabst Brewing Co., supra*, 193 S.W. at 887[1]. *Cf. Conner v. Aalco Moving and Storage Co.*, 218 S.W.2d 830, 831–32[7] (Mo.App.1949).

▪ Turning now to the question of whether the $1,500 award was for the difference between the market values before and after the collision or for the difference between the values before the collision and after the repairs, we turn to what was awarded plaintiff in·the judgment she elected to take following our prior decision. In that opinion the option that plaintiff was offered and which she accepted read:

".  .  . upon setting aside the judgment as entered, enter a new judgment in the amount of $2,000.00 representing the aggregate of the diminution of the market value of the vehicle proved at the hearing ($1,500.00) and the loss of use proved, but not exceeding the amount prayed for in the original petition ($500.00) .  .  ." *Rook v. John F. Oliver Trucking Company, supra* at 162.

The testimony with regard to diminution of market value at the hearing was presented by plaintiff. Her proof there as regards damages to her car went to the difference in its value before the collision and after the repairs. Establishing that the plaintiff had gotten her car back from the garage repaired only two days before the hearing, her testimony clearly referred to the car's diminished value after repairs. The first time she referred to the car's value her testimony went as follows:

"Q. Now, what was the condition of this vehicle just prior to the collision with the Oliver truck?

A. It was in very good condition. It was a very clean car and it was valued at least $3900.

Q. Is it your testimony that the reasonable market value of your vehicle on December 11, 1971, just prior to this collision, was $3900?

A. Yes, sir.

Q. What is the condition of your vehicle *at this time, since you've gotten it back*?

A. Well, it isn't repaired properly. I will have to put more work—I mean it involves more work. But I would say it's probably worth like maybe $2400." (emphasis added)

She then described the unsatisfactory nature of the repairs to her car. After that she referred again to its value as follows:

"Q. And do you have any opinion as to the fair and reasonable market value of that automobile *as of this time?*

A. Well, like I said awhile ago, probably around $2400 would be all I could get." (emphasis added)

Since at the hearing the plaintiff proved only the difference between the market value of the car before the collision and its value after repairs, the trial judge's $1,500 award for diminished market value must be deemed to have been on that measure. This was the basis of her evidence as to damages and formed the basis for the option afforded her in our prior opinion, which was "the diminution of the market value of the vehicle *proved at the hearing*." *Rook, supra* at p. 162 (emphasis added).

We conclude, therefore, that the $1,500 award to plaintiff was for the difference between the market value of the car before the collision and its value after repairs. As a result, the defendant is not entitled to deduct the $1,149.61 payment for repairs from the judgment against it. The action of the circuit court in sustaining the defendant's motion to require plaintiff to satisfy judgment and its order satisfying judgment is reversed. Because the court below did not consider the motion for judgment against surety for the reason it determined the judgment satisfied, the case is remanded to the court for that purpose and for such other process as may be required to satisfy the judgment balance of $1,149.61 together with interest from September 18,

1974, the date when plaintiff elected to accept the option offered her by this court.

KELLY, P. J., and GUNN, J., concur.